SIDNEY WILDER, APPELLANT, *v.* HENRY C. BALLOU, AS EXECUTOR OF THEODORE P. BALLOU, RESPONDENT.

*Statute of limitations — claim against an executor — effect of a stipulation to stay proceedings.*

In 1885 Sidney Wilder began an action against one Theodore C. Ballou and another, during the pendency of which Ballou died. His executor advertised for claims and Wilder presented the claim, which was the subject of his action, which the executor disputed.

Upon a motion to revive the action against the executor the court granted it upon terms, among which was one that Wilder should stipulate to stay all proceedings upon his claim against the executor while the order reviving the action stood. Wilder filed such a stipulation, subsequent to which the order reviving the action against the executor was reversed upon appeal.

Wilder, a month after such reversal, began an action, to which the executor pleaded the six-months statute of limitations created by section 1822 of the Code of Civil Procedure.

*Held,* that while the order was conditional, yet when Wilder accepted it and gave the stipulation the result was a stay by an "order of the court," within the meaning of section 406 of the Code of Civil Procedure, and that the time during which the order stood was not a part of the time limited for the commencement of the action against the executor.

APPEAL by the plaintiff Sidney Wilder from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 9th day of October, 1891, dismissing the complaint, with costs, after a trial before a referee.

In December, 1885, the plaintiff commenced an action against the defendant's testator and one James N. Walters for the same cause of action set out in the complaint herein. Issue was joined therein by the service of answers by both defendants. Before it was brought to trial, and on February 28, 1887, the defendant's testator died, leaving a last will and testament by which the defendant was appointed as his executor. This will was subsequently admitted to probate, and letters testamentary were duly issued to him, and he qualified as such executor.

After having so qualified and entered upon the duties of his office, he caused a notice to the creditors of the decedent to be published in a newspaper printed in the county where the testator resided at the time of his death, requiring such creditors to present their claims to him at his office on or before the 15th of September, 1888. This notice was published from March twelfth until September fifteenth of that year.

During the publication of such notice, and on June 30th and July 2, 1888, the plaintiff presented to the defendant his claim, which was the same as the cause of action set forth in the complaint. On the twenty-fifth of the latter month, the defendant served upon the plaintiff a notice in writing, that he doubted the justice and validity of such claim, and, therefore, disputed it. The claim presented was not referred.

On December 3, 1888, the plaintiff moved, in the action against the defendant's testator and Walters, for an order reviving that action as against the decedent's estate, and to make the defendant a party thereto. This motion was opposed by the defendant on the grounds that, after the death of his testator and after letters testamentary were issued to him, the plaintiff had proceeded therein

against Walters, the surviving defendant, thus working a practical severance thereof. And, also, on the further ground that the claim presented by the plaintiff to the defendant had not been withdrawn, and defendant claimed that any motion granted to revive and continue such action should be conditional upon the withdrawal and abandonment of his claim as presented against the estate of defendant's testator.

The, court decided that it would grant plaintiff's motion, provided he would, within ten days, stipulate to waive his right to apply for treble damages in case of a verdict in his favor, and, also, stipulate within that time to stay all proceedings upon his claim presented to the executor, to be binding as long as the order stood. In pursuance of that decision, an order was entered as follows:

"Upon reading and filing affidavits of the above-named plaintiff, verified November 23, 1888, and notice of motion to continue and revive the action as to the estate of defendant Theodore P. Ballou, and bring in his executor, and upon reading and filing affidavit of Henry C. Ballou, verified November twenty-sixth, and E. J. Richardson, verified November 27, 1888, after hearing A. B. Steele, of counsel for plaintiff, for said motion, and E. J. Richardson, of counsel for defendants and said executor, opposed. Ordered, that this motion be, and the same is hereby granted; the said plaintiff, as a condition of the granting of said motion, file a stipulation to waive his right to apply for treble damages in case of a verdict in his favor, and also stipulate to stay all proceedings upon his claim presented to the executor, such stipulation to be filed within ten days, and to be binding as long as this order stands."

On December 13, 1888, the plaintiff filed a stipulation in compliance with such order, waiving the right of plaintiff to apply for treble damages, and stipulating that all proceedings be stayed upon the claim of plaintiff presented to the defendant, to be binding as long as the order reviving the action and bringing in the executor stood.

After such stipulation was filed, the defendant appealed from the foregoing order. Upon the appeal the order of the Special Term was reversed. The order of reversal was entered February 27, 1889, and copies thereof served upon the plaintiff's attorneys upon that day.

This action was commenced by the personal service of the sum-

mons and complaint herein upon the defendant, as such executor, on the 28th day of March, 1889, and not prior to that time.

From the time of the rejection of the plaintiff's claim to the time of granting the order to revive the former action was four months and sixteen days, and from the date of the entry of the order of the General Term reversing the order of the Special Term to revive and continue said action to the commencement of this action, was one month and one day. This action was not commenced within six months after the plaintiff's claim was rejected by the defendant, but excluding the time during which the order reviving said action remained unreversed, and the remaining time between the rejection of such claim and the commencement of this action, was only five months and seventeen days.

*Steele & Prescott*, for the appellant.

*E. J. Richardson* and *A. M. Mills*, for the respondent.

MARTIN, J. :

The only question that need be considered on this appeal is, whether the plaintiff's right to maintain this action was barred by the six months' limitation provided for by section 1822 of the Code of Civil Procedure.

That the claim, which was the foundation of this action, was presented to the defendant as executor, and by him disputed and rejected more than six months before the commencement of this action was amply proved and undisputed.

The appellant, however, seeks to avoid the effect of the limitation provided for by section 1822 on the theory that section 406, which declares that, "Where the commencement of an action has been stayed by injunction, or by other order of a court or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action," was applicable to this case, and that he was stayed by the order of the Special Term during the time the order reviving and continuing that action was in force.

The first question presented is, whether the provisions of section 406 are applicable to the limitation provided for by section 1822.

It is contended by the respondent that the general provisions contained in chapter 4 of the Code of Civil Procedure are not applicable to the special limitation provided for by section 1822. That question can hardly be regarded as an open one in this court. In *Titus* v. *Poole* (38 N. Y. St. Rep., 627) we held that section 405 was applicable in a case where the limitation provided for by section 1822 was pleaded as a defense. If that decision was correct, it would seem to follow that section 406 is applicable to the case at bar, and that the time, if any, during which the commencement of this action was stayed by an order of the court was not a part of the time limited for the commencement of the action.

The contention of the respondent is that the decision and order made by the court did not absolutely require the plaintiff to give a stipulation for a stay of proceedings on his claim, and that there was no absolute order either continuing such action after such stipulation was given or in any way staying the commencement of an action. He also contends that the only order granted was a provisional one, and that whether there was to be any stay was wholly dependent upon the consent of the plaintiff; that if there was any stay of proceedings it was by virtue of the stipulation of the plaintiff, and not otherwise.

On the other hand, the appellant claims that such decision and order constituted a stay of proceedings by an order of court, and was within the provisions of section 406 of the Code; that, although the decision was conditional, yet, when the plaintiff accepted its terms and entered an order whereby the motion was granted and he was directed to give a stipulation staying proceedings on his claim, the stay was in pursuance of an order of the court, and, therefore, within the spirit, if not within the letter, of that section. There seems to be much force in this claim.

The decision made by the court did not absolutely require the plaintiff to give a stipulation for a stay of proceedings, but the order which was entered by the plaintiff in pursuance of that decision was an order actually reviving and continuing the action against the defendant, and it, in effect, required the plaintiff to give a stipulation staying proceedings on his claim while that order was in existence. This we regard as a fair construction of the provisions of the order. The order, and not the memorandum, of the judge must control.

While the order did not, in terms, stay the commencement of an action by the plaintiff upon his claim, it required him to stipulate to stay proceedings thereon while it stood, which was tantamount to, and in effect, an order for such a stay. This question may not, perhaps, be entirely free from doubt, but when we consider this order in the light of the circumstances under which, and the purpose for which, it was granted, we are led to the conclusion that it, in effect, stayed the commencement of an action by the plaintiff upon his claim, and was within the spirit of section 406.

We are, therefore, of the opinion that the plaintiff was stayed by an order of the court from the commencement of an action upon his claim during the continuance of such order, and that the time of the continuance of such stay was not a part of the time limited for the commencement of this action. Hence it follows that the judgment appealed from should be reversed.

MERWIN, J., concurred; HARDIN, P. J., not voting.

Judgment reversed, and a new trial ordered, with costs to abide the event.