Jilsun, Adm'r, vs. Stebbins, imp.

41  235|
74  81|

EQUITY. *(1) Discharge of land from lien of judgment.*
JURISDICTION. *(2) Record evidence that court had jurisdiction of the judgment defendant.*
EVIDENCE. *(3) Declaration of plaintiff's intestate.*

1. Equity will not annul a judgment, or discharge from the lien thereof land of which the debtor died seized, on the ground that the execution issued thereon is without a seal, and is for a somewhat larger sum than that named in the judgment; nor on the ground that the judgment creditor knew of the debtor's death, and failed to file any claim against his estate, and that the administrator has sold said land by order of the court.
2. Where the record of an action shows a written admission, by a defendant, of service upon him of a copy of the summons and complaint therein, this is sufficient evidence that the court had acquired *jurisdiction.* Whether correct practice requires any other proof of service, is not here determined.
3. In an action by an administrator to prevent the enforcement of a judgment against his intestate, evidence of declarations of the debtor in his lifetime as to payment of the judgment, is inadmissible.

APPEAL from the Circuit Court for *Kenosha* County.

On the 21st of April, 1865, *Stebbins* recovered a judgment in said circuit court against Thomas D. Parsons and one Brown for $413.36. On the 15th of April, 1873, Parsons died intestate, and the present plaintiff was appointed administrator of his estate. The personal estate of the decedent being insufficient to pay the debts, etc., the administrator obtained leave to sell, and did sell, part of the real estate for that purpose; and the sale was confirmed. Some time afterwards, *Stebbins* obtained leave from the court to issue an execution on his judgment, and the same was issued December 30, 1874, and placed in the hands of the sheriff January 6, 1875. The sheriff levied the execution upon lands which had been sold by the administrator, and advertised them for sale. Thereupon, on the 15th of February, 1875, this action was brought by the administrator against *Stebbins* and the sheriff, for re-

lief against the execution and the judgment on which it was founded.

The complaint, in addition to the facts above stated, alleges, 1. That *Stebbins* and said Parsons had continuously resided in the city of Kenosha from the date of said judgment to the death of Parsons, and *Stebbins* had since resided there; that the latter was "a sharp, active business man," and for two years of said time had been sheriff of the county; that during all that time Parsons had ample real and personal estate to pay said judgment, and plaintiff alleges, upon information and be- lief, that the same had been paid; that *Stebbins* had full knowledge, at the several times thereof, of the death of Par- sons, the granting of letters of administration upon his estate, the order for presentation of claims, and the advertisement and sale of the real property for payment of the debts; and that Brown, the other judgment debtor, was nonresident and bankrupt. 2. That there was unsold property of the estate, liable to sale, sufficient, or nearly so, to satisfy said judgment, and not levied upon for that purpose, which plaintiff claims should be first sold and applied on the judgment, if any sale thereon be permitted. 3. That said pretended judgment is void for want of jurisdiction in the court to render it, because there was no due service upon Parsons of the summons and complaint, or proof thereof. Prayer, that said judgment be "declared void, annulled and discharged;" that the lands sold by the administrator be discharged from such judgment; that defendants be enjoined from selling in the mean time; and for general relief.

The answer of *Stebbins* alleges, in substance, that the judg- ment in question was founded upon a valid claim, subsisting at the time of its rendition, against the persons therein named as defendants; and that it was duly obtained and docketed, and had never been appealed from or paid.

At the hearing, a motion by the plaintiff that the issue as to payment of the judgment be tried by a jury, was denied.

As to this issue plaintiff offered to prove, by a witness then on the stand, and by other witnesses, that in 1872, in conversations between such witnesses and plaintiff's decedent, Parsons, relative to the sale of some property of the latter, he had stated that the judgment here in question had been paid. This testimony was rejected. The other testimony bearing upon the issue of payment need not be stated. The record in the suit of *Stebbins v. Parsons and Brown* was put in evidence, and the only proof therein of the service upon Parsons of the summons and complaint was a written admission of such service purporting to be signed by him. One of the attorneys for *Stebbins* in that action, having been called as a witness by the plaintiff, testified on cross-examination (against plaintiff's objection), that he was acquainted with Parsons' handwriting; that he should think this was his signature; and that in fact the witness saw him write it.

The execution which *Stebbins* had caused to be issued upon his judgment December 20, 1874, was put in evidence, and appears (as is stated in the printed case) to have been "issued in form under the first clause of sec. 8, ch. 134, R. S., and without the seal of the court, as claimed by the plaintiff, for the sum of $423.36, besides interest, being ten dollars in excess of said judgment." The defendant sheriff, being called by the plaintiff as a witness, was asked whether, when he received the execution, there was any seal upon it; but the question was objected to and ruled out.

The court found that the summons and complaint in the action against Parsons were duly served on him, so that the court acquired jurisdiction of his person; that the judgment in question was duly rendered, and had never been paid, nor any portion thereof, but was a valid subsisting lien upon any property, not exempt from execution, of which Parsons died seized; that he was seized at his death of certain real estate, as alleged in the complaint; and that, before this action was brought, the administrator had sold certain of said real estate,

as also in the complaint alleged. On these facts the court held that the plaintiff was not entitled to any part of the relief demanded, and it rendered judgment in defendant's favor for costs, etc.; from which the plaintiff appealed.

For the appellant, briefs were filed signed by *F. S. Lovell*, and the cause was argued orally by *C. H. Winsor:*

1. The judgment in question was void for want of personal service upon Parsons, or any proof of service, as required by circuit court rule 41. The statute requires the summons to be served, and returned with *proof* of service. It must be a *personal* service to entitle the clerk to enter judgment upon default. It must be made by delivering a copy to defendant personally. In case of admission other than to an officer, the proof of service must be by affidavit, stating the time and manner thereof. R. S., ch. 124, secs. 8, 9, 13. Rule 41 goes still farther, requiring the affidavit to state the particular place of service; that the person serving knew the person served to be the one mentioned and described in the summons as defendant therein; and whether a copy was left with as well as delivered to the defendant. This court has sustained these requirements to the letter. *Moyer v. Cook*, 12 Wis., 235; *Tallmadge v. Potter*, id., 318; *Sales v. Davis*, 20 id., 302; *Weatherbee v. Weatherbee*, id., 499; *Matteson v. Smith*, 37 id., 333. In New York, where the statute is the same as ours, the decisions have been equally strict. *Litchfield v. Burwell*, 5 How. Pr., 341; 2 Hill, 260; Howard's Code (ed. of 1859), 173, 180; *Read v. French*, 28 N. Y., 285. The court also erred in admitting parol proof of the genuineness of Parsons' signature to the admission of service. 2. The answer admits that the execution was for ten dollars in excess of the judgment, and contains no sufficient denial that it was without seal, which would render it void. 23 Wis., 506. 3. The declarations of Parsons in relation to the payment of this judgment were admissible as a part of the *res gestæ*. 11 Pick., 308, 362; 17 id., 171; 1 Met., 242; 3 id., 199. 4. Equity

will enjoin the enforcement of a void judgment, or the inequitable use of a valid one. 2 Story's Eq. Jur., §§ 876, 885; 1 Am. Ch. Dig., 623; 3 Yerg., 336; 2 Hill, 215; *Huebschman v. Baker*, 7 Wis., 548; *Trustees v. Hoessli*, 13 id., 348; *Merritt v. Baldwin*, 6 id., 439. And there can be no laches against a void judgment, or one that has been paid.

*J. V. Quarles*, for the respondent:

1. The complaint shows no ground for equitable interference, because it avers neither fraud nor mistake in obtaining the judgment, nor does it show that any injustice will be done by its enforcement. 2 Story's Eq. Jur., §§ 887, 898, and cases there cited; *Stokes v. Knarr*, 11 Wis., 389; *Ableman v. Roth*, 12 id., 90; *Merritt v. Baldwin*, 6 id., 442. One who asks the aid of equity against a judgment at law, must show that he is in danger of unjustly losing some substantial right, without his fault. *Warden v. Supervisors*, 14 Wis., 620; *Meloy v. Dougherty*, 16 id., 270; *McIndoe v. Hazelton*, 19 id., 572; *Crandall v. Bacon*, 20 id., 639; *Sauerhering v. Iron Ridge Co.*, 25 id., 459. One who seeks to enjoin the collection of a judgment must show that plaintiff had no cause of action. 2. If the judgment was irregular or unjust, the defendant therein should have appealed from it, or had it set aside; and equity always discountenances laches. *Barber v. Rukeyser*, 39 Wis., 595; *Voorhees v. Bank of U. S.*, 10 Pet., 473. All the relief here sought could have been obtained in the original action. 3. Personal service may be shown by the admission of the party served. Service may be waived by the adverse party by notice in writing, which waiver has the full effect of service. 4 Wait's Pr., 623–4. When this course is resorted to, the genuineness of the signature ought to be made to appear. Parol proof was rightly received at the trial, to show that the signature was genuine, that fact not appearing from the record. *Tullman v. Ely*, 6 Wis., 260; *Pollard v. Wegener*, 13 id., 574. Jurisdiction is acquired by the fact of service, and not by the return of process, which may not be com-

pleted until after judgment. *Kneeland v. Cowles*, 4 Chand., 48. The judgment cannot be impeached collaterally for any irregularity, or for any defect which does not render it absolutely void. *Falkner v. Guild*, 10 Wis., 564. Jurisdiction of the person must be presumed in support of the judgment of the circuit court, unless the absence of jurisdiction appears affirmatively from the record; and this is not such a case. *Rape v. Heaton*, 9 Wis., 343; *Blodgett v. Hitt*, 29 id., 179. The cases cited as to the requisites of an affidavit of service made by a private person, are not in point; and the admission in *Read v. French*, 28 N. Y., 285, was defective in not specifying that the service was *personal*.

Cole, J. It appears to us that no good reason is shown for granting the relief asked in this case. It is not claimed that there was any fraud practiced, or undue advantage taken, in obtaining the judgment. Indeed the justice of the judgment is not really called in question or impeached. A feeble attempt was made to show that the judgment had been paid; but the proof is entirely insufficient to sustain that defense. The declarations of Parsons, made in 1872, in relation to the payment of the judgment, were clearly inadmissible. The other evidence offered to establish the fact of payment is so very weak and unsatisfactory that it will surely warrant no inference that the judgment has been paid. There is no fact shown which tends to impeach the equity and justice of the judgment as originally rendered, or which proves that it would be against conscience to enforce it. It is true, it is alleged in the complaint that the judgment was void because there was no proper service of the summons and complaint in the action upon the deceased, Thomas D. Parsons, and that therefore the court failed to acquire jurisdiction over him. The record shows that Parsons admitted in writing personal service of a copy of the summons and complaint upon him February 8, 1865; and the genuineness of his signature is not denied by

the plaintiff; indeed it was clearly proven by the witness Head on the trial. Whether correct practice requires any other proof of service than such a written admission by the defendant in the action, is a point we shall not determine; for we are clearly of the opinion that the judgment was not void for want of it, even if necessary. At most it would be a mere irregularity, and would not affect the jurisdiction of the court. The same remarks apply to the alleged defects in the execution. *Mariner v. Coon*, 16 Wis., 466.

The ground upon which courts of equity interfere to give relief against a judgment is stated in *Stowell v. Eldred*, 26 Wis., 504, and *Barber v. Rukeyser*, 39 id., 590; and it may be safely affirmed that there is not a fact established in this case which would bring it within the doctrine there laid down.

*By the Court.* — The judgment of the circuit court is affirmed.