LOUISA HAYDEN, Respondent, v. MARY R. PIERCE, as Executrix of
ELIZA W. BROWN, Deceased, Appellant.

*Executors and administrators — actions against them upon rejected claims — Statute
of Limitations — sections 401 and 1822 of the Code of Civil Procedure.*

Section 401 of the Code of Civil Procedure, which excludes the period of non-
residence and absence of a defendant from the State of New York from the
time within which actions must be commenced, applies to the short Statute of
Limitations imposed by section 1822 of the Code, which prescribes that when
an executor or administrator disputes or rejects a claim against his decedent's
estate, and the claim is not referred, "the claimant must commence an action,
for the recovery thereof, against the executor or administrator, within six
months after the dispute or rejection," etc.

APPEAL by the defendant, Mary R. Pierce, as executrix, etc., of
Eliza W. Brown, deceased, from a judgment of the Supreme Court,
entered in the office of the clerk of Otsego county on the 28th day
of December, 1892, upon a verdict in favor of the plaintiff rendered
at the Otsego Circuit, and from an order denying the defendant's
motion for a new trial made upon a case and exceptions.

Appellant is executrix of Eliza W. Brown, deceased. The action
was brought upon a "promissory note or instrument in writing,"
bearing date, Milford, January 23, 1882, which contained the fol-
lowing language: "On or before one year after my death, for
value received, I promise to pay to Louisa Hayden one thousand
dollars, with interest from April 1, 1882, at the rate of six per cent
per annum, semi-annually. This note is given in consideration for
services in full from March, 1864, to April 1st, 1882, and for serv-
ices to be rendered for me from April 1st, 1882, until my death.
*  *  *" The note was given to the plaintiff, who continued in
the employ of the maker thereof until the time of her death, which
occurred on the 1st day of January, 1890. She left a last will and
testament, in and by which the defendant was named as executrix.
On the 9th of April, 1890, the will was admitted to probate by the
surrogate of Otsego county, and defendant, as sole executrix,
filed her official oath and consented to act as executrix of said
will. The answer contains several denials and alleged payment of
the note, and that on the 2d day of October, 1886, the testatrix
conveyed by warranty deed a house and lot to the plaintiff, which

the testatrix had just previously purchased for the sum of $1,600. The consideration named in the deed from the testatrix to the plaintiff was one dollar.

The defendant in her answer alleged that "the real and true consideration for the said conveyance to the plaintiff was the said written instrument and the aforesaid agreements of the plaintiff." The answer also alleged that the plaintiff exhibited her said claim upon the written instrument on or about the 5th day of January, 1891, and that the same was disputed and rejected, and that notice of the rejection of the claim was personally served on the plaintiff on the 26th day of January, 1891. That at the time of the presentation of the claim, the publication of notice to creditors requiring the presentation of claims against the estate of Eliza Brown had been commenced, and that the claim was not referred as prescribed by law, "and more than six months elapsed after the rejection of said claim before the commencement of this action, or any action for the recovery thereof against this defendant. That this action was not commenced within six months after any part of the alleged debt became due, nor did the alleged cause of action accrue within six months before the commencement of this action. And the defendant pleads, as a bar to this action, the short Statute of Limitations provided in section 1822 of the Code of Civil Procedure."

An order made by the surrogate of Otsego county, dated the 29th day of December, 1890, in *The Matter of the Personal Estate of Eliza W. Brown*, was granted on the application of the executrix, which provided as follows : "It is ordered that she cause to be published in the newspaper called the Otsego *Republican*, published at Cooperstown, in said county, a notice requiring all persons having claims against said deceased, to present the same, with vouchers thereof, to the said executrix, at the law office of Edick & Smith, in the village of Cooperstown, N. Y., on or before a day to be specified in such notice, which shall be at least six months from the day of the first publication of said notice." A notice was published. January 13, 1891, in the city of Chicago, the defendant wrote a letter to Messrs. Edick & Smith, in which she stated : "I desire that you, as my attorneys, immediately serve upon said claimant a notice of rejection and disallowance;" and about the twenty-fifth of January the attorneys served upon the plaintiff a written notice, referring to the claim

presented by the plaintiff, which, among other things, contained the words: " That the annexed alleged claim presented against the estate of Eliza W. Brown, deceased, is rejected and disallowed by Mary R. Pierce, as executrix of the last will and testament of Eliza W. Brown, deceased," which notice stated the grounds upon which it was rejected, and was dated January 7, 1891, and signed " Mary R. Pierce, executrix of the last will and testament of Eliza W. Brown, deceased." It was conceded " that this action was not commenced until after December 14th, 1891 ; that the action was commenced by the service of the summons on the defendant without the State of New York, pursuant to an order obtained for the service thereof by publication, and that such order for service by publication was made on December 24, 1891." At the close of the evidence the defendant moved the court to direct a verdict in favor of the defendant on the ground that the action was barred by the Statute of Limitations ; the motion was denied and the defendant excepted. Thereupon the defendant asked to go to the jury upon the question of whether or not the house and lot were conveyed to the plaintiff in payment of the note, which the court allowed. At the close of the charge the defendant's counsel asked the court " to hold that the defense of the Statute of Limitations is fully established, and that a verdict should be directed for the defendant." The court declined and an exception was taken.

*Mooney & Shipman*, for the appellant.

*E. M. Harris*, for the respondent.

HARDIN, P. J.:

Whether the note was paid or not by the conveyance of the house and lot mentioned in the pleadings and the evidence was a question of fact for the jury. Mrs. Margaret B. Wilber testified in behalf of the plaintiff, and, in the course of her evidence, said: " Mrs. Brown was wheeled up to our house, and she said she did not think she had done enough for Louisa ; that she, Mrs. Brown, had become paralyzed since she gave plaintiff the note, and she wanted to do something more for her, and she thought the best thing she could do would be to buy the plaintiff a house and lot. Then she said that with the note the plaintiff had and with a house and lot the plaintiff

could, by doing what little work she could, could make a living. * * * Mrs. Brown said : I don't want to change my will, but I want to deed her, the plaintiff, this house. Mrs. Brown was to have the rentals during her lifetime; and said, I have money enough to give her this house and not change my will. * * * Mrs. Brown said she wanted to give the house and lot besides the $1,000 note, and felt she had not given Louisa as much as she ought to do. I knew of Mrs. Brown giving the plaintiff the $1,000 note. She, Mrs. Brown, asked me how much she ought to give Louisa. She asked me if I thought $500 was enough, and I said no. She then asked me if I thought $1,000 was enough, and I said it was none too much. I told her, Mrs. Brown, that was not as much as plaintiff had earned." In giving evidence of the declarations of the testatrix the witness Diefendorf said : " She said she didn't think she had done enough for Louisa, and she had bought a house and lot and wanted to know of me what I thought about her giving her the house and lot; I told her that she couldn't do too much for Louisa; then she said she concluded to give her a deed of that place, but to be hers as long as she lived; that is, Mrs. Brown's. I attended to the execution of the deed." We think the evidence just quoted, together with the other testimony bearing on the subject, amply justified the jury in finding that it was not the intention of the testatrix to satisfy and cancel the note by the conveyance of the house and lot to the plaintiff; we must, therefore, accept the verdict upon the question involved, as it is predicated upon evidence ample and sufficient to justify a finding that the note had not been paid by the testatrix.

(2) It appears by the evidence that the defendant resided in the city of Chicago, in the State of Illinois, when she took letters testamentary, and she has continued to reside there. We think the defendant failed to make out a defense under section 1822 of the Code of Civil Procedure, and that the trial judge did not err in refusing to hold that the defense of the short Statute of Limitations was established. (Code Civ. Proc. § 401 ; *Titus* v. *Poole*, 60 Hun, 1; S. C., 38 N. Y. St. Repr. 627; *Wilder* v. *Ballou*, 63 Hun, 118; S. C., 43 N. Y. St. Repr. 514; *Hill* v. *Supervisors*, 119 N. Y. 344.) In the latter case, at page 347, Judge GRAY said : " Section 405 was enacted with reference to the enforcement of the civil remedies

prescribed by the Code, *and its application is to actions generally,* and which the Code of Civil Procedure was enacted to regulate." The defendant was absent from the State, " and resided out of the State when the cause of action accrued." The proof and admissions upon the trial are abundant upon that subject. ( *Wheeler* v. *Webster,* 1 E. D. Smith, 1 ; *Bennett* v. *Cook,* 43 N. Y 537.)

(3) We think no error was committed in rejecting the declaration of the deceased which the defendant sought to prove by the witness Parshall. It does not follow that because her declarations were received in evidence against her executrix that the declarations of the deceased could be used in her own behalf. The opinion delivered at Special Term by PARKER, J.,* properly disposes of the questions involved in the case.

The judgment and order should be affirmed, with costs.

MERWIN, J., concurred ; PARKER, J., not sitting.

Judgment and order affirmed, with costs.

---

* The Special Term opinion discusses the question of the Statute of Limitations as follows :

PARKER, J. :

The claim upon which this action is brought was presented to the attorneys for the defendant, at Cooperstown in this State, and rejected in January, 1891. At that time the defendant was and ever since has been a resident of Chicago, Illinois, and at no time prior to the commencement of this action had she been within this State.

This action was not commenced until considerably more than six months had elapsed since such rejection, and the claim itself has never been referred. The defendant, therefore, claims that a recovery thereon was barred by the provisions of section 1822 of the Code. The plaintiff claims that the provisions of that section do not apply to this case, because of the non-residency and continued absence of the executrix from this State. I so held at the Circuit and such is the question that I am now asked to review.

The argument is that the provisions of the section 401, in chapter 4 of the Code, do not apply to cases provided for in section 1822 ; that the cases provided for in such last section are expressly excepted from the operations of section 401 by the provisions of subdivision 1 of section 414.

In other words, that a claim presented to an executor and rejected is " a case where a different limitation is specially prescribed by law," within the subdivision 1 of section 414, and, hence, the non-residency of the defendant has no effect upon the omission to bring suit within six months after the rejection of the claim.

It seems to me that this argument has been rejected by our General Term, and that the question presented is no longer an open one in this department.