Doan *et al.*, Executors, *v.* Dow.

No. 804.

## DOAN ET AL., EXECUTORS, *v.* DOW.

GUARDIAN AND WARD.—*Contract.—When the Terms of May be Partly Enforced and Partly Disregarded.*—Where a ward, within three years from the final settlement of his guardian, employed counsel to institute suit to set aside certain allowances and to recover certain sums from the guardian, and the guardian promised that if he would not bring suit against him, he would hold all of such sums for him, and manage them for him until he, the ward, should marry and settle down, and then he would pay him all of such sums with their accretions, and would make him his, the guardian's, heir, the contract to make the ward the guardian's heir and to pay the sums of money are distinct and separate matters, and the promise to pay the sums of money may be separated from the promise to make the ward an heir, and be enforced against the guardian or his estate, without working any injustice, the forbearance to sue being sufficient consideration for such promise.

SAME.—*Family Relation.*—Where the family relation exists, whether natural or assumed, there is, in the absence of an express agreement, or circumstances from which an agreement may be fairly inferred, no implied obligation to pay for board on the one hand or for work on the other.

SAME.—*Evidence.—Statements of Guardian to Judge.—To a Former Attorney.*—In an action by a ward against his guardian to set aside certain allowances made the guardian, the presiding judge was competent to testify concerning the statements made by the guardian to procure the allowance of his claims; and, to the same effect, the statements of a person who had formerly, but was not at the time of the transaction testified to, been the attorney of the guardian, are admissible in evidence.

SAME.—*Evidence.—Declarations of Guardian.—Amount of Estate.*—In such case, declarations of the guardian as to the amount of the ward's estate, or what he expected it to be, were admissible in evidence to show its amount, and also to show that heavy charges made just before the close of the. trust, were an afterthought, and were not contemplated nor intended by him when the ward was living with him as a member of his family.

EVIDENCE.—*Admission Without Objection.—Appellate Court Practice.*— The admission of evidence, without objection, can not be complained of on appeal.

From the Hendricks Circuit Court.

*L. A. Barnett, W. J. Beckett* and *W. S. Doan,* for appellants.

*T. S. Adams, J. G. Miles* and *E. A. Miles,* for appellee.

GAVIN, J.—The appellee's complaint or claim against the estate of Mordecai Hadley, represented by the appellants, was in three paragraphs. Since the special findings of the court show that the judgment rests upon the third paragraph, it is unnecessary for us to consider the sufficiency of the others. *Hill* v. *Pollard*, 132 Ind. 588, 32 N. E. Rep. 564.

In presenting claims against decedents' estates, no formal complaint is necessary. It is sufficient if the statement sets forth the nature and amount of the claim with sufficient precision to bar another action, and shows a *prima facie* right to recover. *Lockwood, Admr.*, v. *Robbins*, 125 Ind. 398; *Hileman, Admr.*, v. *Hileman*, 85 Ind. 1; *Taggart* v. *Tevanny*,1 Ind. App 339; *Knight, Admr.*, v. *Knight*, 6 Ind. App. 268, 33 N. E. Rep. 456.

The third paragraph of the complaint alleged that Mordecai Hadley became the guardian of appellee in 1868, and received, from pension and bounty, $2,000 for said ward, whom he took to live with him as a member of his family; that appellee thus lived with him and worked for him; that said Hadley, in his various reports to the court, obtained credits for board, clothing, etc., for his said ward, without disclosing to the court that he was all the time living with the guardian as a member of his family and working for him; that the guardian loaned the money at 10 per cent. interest and only accounted for 6 per cent.; that he failed to charge himself with several installments of pension received and with considerable amounts of interest received; that in 1883 he filed his final report, which was approved, and paid appellee the amount he then claimed to be due him; that within three years from the time of such settlement, appellee employed counsel to institute suit to set aside such allowances, and recover said sums from the guardian; that said guardian then promised that if he would not bring suit

against him he would hold all of said sums for appellee, and manage them for him until plaintiff should marry and settle down, and then he would pay him all of said sums with their accretions, and would make him his heir; that in reliance upon this agreement appellee did not bring such suit, and in 1886 married and settled down, and became steady, and decedent expressed his entire satisfaction, and renewed his said promises, but has wholly failed and neglected to pay said sums or any part thereof. To this paragraph a demurrer was overruled.

Under the facts set forth there was abundant cause shown for setting aside the final settlement of this guardianship, and requiring the guardian to account for the sums wrongfully withheld. *Marquess* v. *La Baw*, 82 Ind. 550; *Wainwright* v. *Smith*, 117 Ind. 414.

Where the family relation exists, whether natural or assumed, there is, in the absence of an express agreement, or circumstances from which an agreement may be fairly inferred, no implied obligation to pay for board on the one hand, or for work on the other. *Lockwood, Admr.*, v. *Robbins*, 125 Ind. 398; *James, Admr.*, v. *Gillen*, 3 Ind. App. 472.

"The general rule is that a guardian can not exact money for the board of a ward whom he makes one of his family." *Marquess* v. *La Baw, supra.*

The concealment from the court of this fact, that the ward was living with him as a member of his family, was a wrong. So also was his failure to account for the interest and pension money actually received. The court could have no knowledge of these facts except as reported by him.

Appellee was required to bring his action to set aside the settlement within three years, else all matters embraced within his reports would be deemed finally adju-

dicated. *Briscoe* v. *Johnson, Exec.*, 73 Ind. 573; *Wainwright* v. *Smith*, 106 Ind. 239; *Horton* v. *Hastings*, 128 Ind. 103.

Having a clear right of action against the decedent, appellant's surrender of this right was a sufficient consideration for the promise by the decedent. *Ditmar., Guar.*, v. *West*, 7 Ind. App. 637, 34 N. E.; 1 Parsons on Cont. *441.

Appellants' counsel contend that decedent's promise "to make him an heir" is within the statute of frauds, and therefore void; also, that the contract is inseparable, and as part must fall, that therefore all must fall. Even if it be conceded that this part of the decedent's promise is within the statute and unenforceable, or if it be deemed so uncertain as to be unenforceable, still the conclusion reached by counsel by no means follows.

No claim is made nor recovery had for breach of the contract to make appellee an heir. The claim simply is that he has not repaid him his money, as promised.

The agreement to make him an heir, and the agreement to repay the money are separate, distinct, and severable matters. There is no connection between the two, nor any interdependence of the one upon the other.

Where the promisee has rendered the entire consideration, it would be inequitable and even iniquitous to say that because the law would not enforce all of the agreements made by the promisor, therefore he could not enforce even that in which there was no infirmity whatever.

The rule is well expressed in *Rand* v. *Mather*, 11 Cush. 1: "On principle, and according to numerous modern adjudications, the true doctrine is this: If any part of an agreement is valid, it will avail *pro tanto*, though another part of it may be prohibited by statute; provided the statute does not, either expressly or by necessary im-

plication, render the whole void; and provided, furthermore, that the sound part can be separated from the unsound, and be enforced without injustice to the defendant.''

The case of *Hynds* v. *Hays*, 25 Ind. 31, decides that where the consideration of a note is in part legal and in part illegal, but they are clearly divisible, the contract, a bill of exchange, will be supported so far as it depends upon the valid consideration.

Here the agreements of the decedent are divisible, and the enforcement of the one part only, and the omission of the other, works no injustice to the decedent's estate.

The complaint is not liable to any of the objections offered to it.

There was a special finding by the judge, which embraces abundantly sufficient of the material allegations of the complaint to justify the conclusions of law thereon.

There is no provision in the statute requiring notice of final report of a guardian, but the ward must take notice thereof. *Castetter, Admr.*, v. *State, ex rel.*, 112 Ind. 445.

It does not follow, however, that because he is thus required to take notice thereof for some purposes that his only remedy against wrong in the proceedings is by appeal, as asserted by counsel. On the contrary, numerous cases, some of which have already been cited, hold that he may maintain his action, in proper time, to set aside the final settlement.

The evidence of the presiding judge concerning the statements made by the guardian to procure the allowance of his claim for board, etc., was clearly admissible. It was part of appellant's case to prove the fraud or mistake in the report. The testimony of Cofer, so far as material, was, for like reasons, admissible; so far as immaterial it was harmless. Miles, also, was a competent

witness to testify as to what transpired between the judge and the guardian. The guardian's statements to the court could not be deemed confidential communications to the attorney, and such only are privileged. *Borum* v. *Fouts*, 15 Ind. 50; *Hanlon* v. *Doherty*, 109 Ind. 37.

Neither was Miles, by reason of having formerly been the attorney of the guardian, disqualified from giving evidence as to statements made to him by the guardian when he was no longer a practicing attorney, and was employed in the auditor's office. The evidence shows that the conversation did not occur between them as attorney and client.

The declarations of the deceased guardian were not admissible in behalf of his estate. *Bristor* v. *Bristor, Admx.*, 82 Ind. 276.

The statements of various witnesses, who testified to what the guardian told them concerning the amount of the ward's estate, or what he expected it would be, were admissible to show its amount, and also to show that the heavy charges made just before the close of the trust were an afterthought, and were not contemplated nor intended by him when the ward was living with him as a member of his family.

Objection is made to the certified statement of the pension agent, because it was not shown to be genuine, and was not properly identified. No objection was made to its genuineness in the court below, and for this reason it can not be heard now.

Counsel have not referred us to any statute requiring the certificates of a pension agent to be under seal. No claim is made that the amount of pension received, as shown by this statement, varies materially from the showing made by decedent's own reports, which were in evidence.

No objection was made on the trial to the introduction

of the report in the estate of the deceased guardian. The deposition of Haynes does not appear to have been in evidence. No errors can therefore be predicated upon the court's action regarding it.

There are some other objections to evidence which have not been set out, but we are unable to find any material error in the rulings of the trial court. We are strongly of the opinion that the cause was fairly tried and correctly determined.

Judgment affirmed.

Filed Nov. 28, 1893.