[Sac. No. 1083. Department Two.—August 18, 1904.]

## FERDINAND GRISEZA et al., Respondents, v. PHŒBE TERWILLIGER, Appellant.

WATER-RIGHTS—TENANCY IN COMMON IN WATER-DITCH—PROPORTION OF FLOW.—Where no special or other agreements have existed among the owners of a ditch, and of the flow of water therein, as to their proprietary rights constituting them something else, they are tenants in common, and their rights are governed by the rules of law regulating tenancy in common. Evidence that each is entitled to a certain proportion of the flow of the water in the ditch does not show sole ownership or disprove a tenancy in common.

ID.—ABANDONMENT OF APPROPRIATION—EVIDENCE OF VERBAL SALE.—
Though evidence of a verbal sale and transfer of an appropriated
water-right by defendant's grantor cannot prove title in the vendee,
it is admissible as a declaration against interest, and as showing
an abandonment of the water-right *ipso facto*, to defeat the subse-
quent conveyance to the defendant.

ID.—EFFECT OF ABANDONMENT — WATER PUBLICI JURIS — SUBSEQUENT
USER BY VENDEE AND ASSOCIATES—TITLE BY APPROPRIATION.—The
vendor's share of the water, by his own act of verbal sale, became
*publici juris*, and open to appropriation; and though the sale con-
ferred no title on the vendee, the subsequent exclusive user of all the
water by him and his associates and their successors, the plaintiffs,
under a claim of right, was an appropriation thereof which conferred
title upon them.

ID.—ADVERSE USER BY DEFENDANT—SUPPORT OF FINDING.—Where the
defendant claimed the acquisition of a subsequent title by adverse
user, but the evidence is conflicting, and there is abundant evidence
to show that her use was neither uninterrupted, nor continuous, nor
open, nor with plaintiffs' acquiescence, the finding of the court
against such adverse user is sufficiently supported.

APPEAL from a judgment of the Superior Court of Sis-
kiyou County and from an order denying a new trial.   J. S.
Beard, Judge.

The facts are stated in the opinion.

R. S. Taylor, for Appellant.

Gillis & Tapscott, and James D. Fairchild, for Respond-
ents.

CHIPMAN, C.—Plaintiffs allege that they are owners in
fee as tenants in common of a certain ditch and the right to
take water from Little Shasta River, Siskiyou County, the
ditch being commonly known as the Musgrave & Linton Ditch,
and of capacity of twelve hundred miner's inches; that they
have for thirty-seven years last past used the water flowing
through said ditch to its full capacity when there was abun-
dant water, and at other times six hundred and forty miner's
inches; that defendant claims an interest therein and adverse
to plaintiffs; and that during the year 1900 she wrongfully
diverted a portion of said waters from said ditch.   Elizabeth
J. Rohrer, as executrix of her husband's will, filed a complaint
in intervention, alleging that at his death, in 1886, he owned

a one-sixth interest in said ditch and water, and that said interest now belongs to his estate. She asked to have the title to this interest quieted against the adverse claims of defendant. There was no demurrer to either complaint, but defendant answered plaintiffs' complaint (which by stipulation was taken as an answer to the intervention subsequently filed), admitting that plaintiffs owned some interest in the water-ditch and water-right described in the complaint; denies that plaintiffs are the sole owners of said ditch or of said water-right, and denies that they are owners as tenants in common; denies that she is without right, and alleges an interest to the amount of thirty inches of water in said ditch and water, and claims ownership through her predecessors for forty years. Further answering, defendant claims ownership in July, 1895, of certain lands commonly known as the "Terwilliger Home Place," since which time she has used thirty inches of water of Shasta River upon her said lands for irrigating purposes; that said water has been taken and used "by means of certain ditches and flume which taps that certain water-ditch described in plaintiffs' complaint"; that such use has been open, notorious, continuous, peaceable, and uninterrupted, and with the knowledge and acquiescence of plaintiffs, "for the full period of five years during the irrigating season next before the beginning of this action"; that defendant is the owner and entitled to the use of thirty inches of the waters of said Musgrave & Linton water-ditch and water-right. Defendant "prays that said action be dismissed and for her costs herein expended," and asks no further relief.

The court found that plaintiffs (including intervener) and their predecessors, in conjunction with one Andrew Soule, dug the ditch in question and diverted the waters of said river through said ditch to its full capacity—to wit, one thousand inches measured under a four-inch pressure—about the year 1859; that when there was not an abundance of water in said river, they used through said ditch a less amount "down to and not exceeding 150 inches"; that this use has been continuous for irrigating and for stock and domestic purposes, "save some wrongful interruption by defendant during the five years last past," etc.; that "plaintiffs, said intervener, and their predecessors in interest so constructed,

appropriated, used, and held, and at the time of commence-
ing this action plaintiffs and intervener so used and held, ¾
undivided of the said ditch and water-right and the waters
flowing therein." The foregoing presents all the findings
which are challenged as unsupported by the evidence.

As conclusions of law, the court found plaintiffs and inter-
vener to be "the owners, as tenants in common, of three
fourths of the ditch and water-right described in the com-
plaint as against defendant and all persons claiming or to
claim the same, . . . and that defendant has no right, title,
or interest in the said ditch or water-right or the waters flow-
ing therein, or to any part of the waters flowing in said
ditch"; that plaintiffs and intervener are entitled to a decree
as prayed for, etc. Judgment passed accordingly. It should
be observed that the one-fourth interest in the water not dis-
posed of by the findings or judgment belongs without dispute
to one Andrew Soule, one of the first appropriators of the
water. Plaintiffs and intervener had the judgment, from
which and from the order denying her motion for a new trial
defendant appeals. Reference to plaintiffs hereafter in the
opinion will include the intervener.

In her answer defendant admits the title of plaintiffs,
denying only their *sole* ownership, and denying that they are
tenants in common. She claims an interest in the ditch and
water to the extent of thirty miner's inches of water through
her predecessors of forty years, and in her second defense
claims this same amount of water by adverse use since 1895.
In the trial of the case no issue seems to have been raised as
to plaintiffs' ownership, except as to this thirty inches of
water. In view of the admissions of the answer and the
course pursued at the trial, we do not think defendant's point
well taken that plaintiffs have failed to prove title. The point
that they do not own as tenants in common, because, as is
claimed, the evidence shows that each is entitled to a certain
proportion of the flow of the water in the ditch, cannot be
sustained, conceding its materiality. No special or other
agreements having existed among the owners as to their pro-
prietary rights constituting them something else, they were
tenants in common, and their rights are governed by the rules
of law regulating tenancy in common. (*Bradley* v. *Hark-
ness*, 26 Cal. 69.)

It appears that the Musgrave & Linton Ditch was begun by Samuel Musgrave and John Linton, and was completed by them, with the assistance of Andrew Soule and P. S. Terwilliger (defendant's husband), about the year 1861. There is evidence that Terwilliger was to have one fourth of the water, and plaintiffs concede that he used water from this ditch up to a certain time, when they claim he abandoned all right to the ditch and water. He had an independent water-right from the same stream, by what was called the Dorris Ditch, which covered all his land, and there is evidence that he at one time brought water to his home place from this ditch, and that water can now be so brought. Practically the controversy revolves around the fact as to defendant's present right to thirty inches of the water of the Musgrave & Linton Ditch for use at this home place, so called. Terwilliger died about the year 1895, and on July 20, 1895, conveyed the home place to his wife with appurtenances. She claims through this deed,—first, by reason of her husband's original interest in the Musgrave & Linton Ditch; and second, by adverse use for more than five years immediately preceding the commencement of the action. As to the latter claim little need be said, for there is much evidence, though not without conflict, that her use was neither uninterrupted nor continuous, nor open, nor with plaintiffs' acquiescence. There is evidence that during these years the water was frequently shut off from defendant's land by plaintiffs, and she was forbidden to use it. There is abundant evidence to support the finding of the court against defendant's contention of adverse use. The remaining question turns upon the admissibility and effect of certain testimony introduced by plaintiffs to which defendant unsuccessfully made objection as incompetent and irrelevant.

Plaintiffs were permitted to prove that Terwilliger made a verbal sale to Musgrave, one of the cotenants, of all his interest in the ditch and water, and that thereafter Terwilliger made frequent declarations that he had no interest in the water or ditch, and that this sale and these declarations were made long before he conveyed the home place to defendant, and his declarations to this effect continued up to the time of his death. Upon this question of abandonment of the use by Terwilliger, the evidence is conflicting, but there was testi-

mony from which the following facts appeared: That Terwilliger had some disagreement with his cotenants about the water, and he determined to "get rid" of his interest, and did so by verbal sale to Musgrave for fifty dollars, which was paid to him; that thereafter Terwilliger stated many times to different persons that he had no interest in the water; that he obtained water from the Dorris Ditch; that he exercised no control over the Musgrave & Linton Ditch, took no part in its care or repair; that on some occasions he took water from this ditch; that the original owners and their successors appropriated and used continuously all the water after Terwilliger surrendered his interest in the ditch; that the old ditch was partly filled up and a new ditch substituted on another line by these owners, and that such water as was afterwards taken to the home place, now owned by defendant, was not taken under claim of right in Terwilliger's lifetime, but by permission of some one of the cotenants; that Terwilliger made an effort to obtain a permanent right for water to be taken for use on this home place from this ditch, but was denied the privilege; that when he disposed of his interest he intended to and did surrender and abandon all right he ever had. It is not entirely clear when this transfer took place, but by some witnesses it is stated to have been as early as in 1870 or earlier, and was not later than about 1880.

The objection made by defendant is, that plaintiffs could not prove title by a parol sale, the interest conveyed being realty. Plaintiffs answer that the evidence was not offered to prove title, but as declarations against interest and as showing abandonment, to defeat defendant's alleged title, and that the court did not admit the evidence to prove title. Mr. Kinney states the doctrine to be, that the right to the use of the water acquired by prior appropriation, and the structure through which the diversion is effected, must be conveyed by a written instrument, as in the case of real property, and that a verbal sale is nugatory. (Citing cases.) The author further says, however, that such a sale works an abandonment, and the vendee takes his right simply as a subsequent appropriator in his regular order with subsequent appropriators. (Kinney on Irrigation, secs. 253, 255, 264.)

Mr. Pomeroy says that abandonment may be express and immediate by the intentional act of the appropriator, or may

be implied from his neglect, failure to use due diligence in the construction of his works, non-use of them after completion and the like. The general doctrine concerning the effect of abandonment is stated to be, that the prior appropriator loses all his exclusive rights to take or use the water which he had acquired. "A verbal sale and transfer of his water-right by a prior appropriator operates *ipso facto* as an abandonment thereof. Such act shows an unequivocal intent on the part of the appropriator to give up and relinquish all of his interest, and, as it does not effect any transfer thereof to the attempted assignee or vendee, the only possible result is an immediate and complete abandonment." (Pomeroy on Water Rights, secs. 96, 97.) It is not necessary, we think, to invoke the rule as to an executed parol contract such as arose in *Flickinger* v. *Shaw,* 87 Cal. 126,[1] nor to pass upon the applicability of the principle there enunciated to the present case. The evidence clearly was admissible to show abandonment, and may be restricted to that object, and, thus restricted, fully justifies the findings of the court. It was not admitted to prove title, as clearly appears from the ruling of the court. Defendant claimed, through Terwilliger, her husband, and offered evidence in support of her claim. It was competent for plaintiffs to show that long before defendant's deed, and continuously for many years, he had treated his right as abandoned, and his verbal sale was admissible as tending to establish this fact. The sale conferred no title upon Musgrave, but the subsequent use by him and his associates and their successors of all the water was an appropriation of whatever water Terwilliger was entitled to prior to the sale. His share of the water by his own act became *publici juris,* and was appropriated by others long before he attempted to recapture or again convey it. Plaintiffs' exclusive use of all the water, under claim of right, save only what Terwilliger and defendant used by permission or clandestinely, continued to the beginning of the action, a period of at least twenty years. We think the evidence was sufficient to support the findings.

It is advised that the judgment and order be affirmed.

Cooper, C., and Smith, C., concurred.

---

[1] 22 Am. St. Rep. 234.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Lorigan, J.