## John Hueni v. Michael F. Freehill.

### Gen. No. 4,616.

1. VERDICT—*interest allowable upon.* Interest may properly be allowed upon a verdict.

2. VERDICT—*when allowance of interest upon, ineffective.* Where the court allows interest upon a verdict but fails to compute the same and add it to the principal of the verdict, it is ineffective and an execution can only issue for the amount of the verdict.

3. VERDICT—*when small excessiveness of, will not reverse.* The

mere fact that a verdict is excessive by a few dollars will not re-
verse, the maxim *de minimis non curat lex* applying.

4. CONVERSATION—*proof of, competent, notwithstanding one of
parties to, is dead.* Proof by a witness to a conversation, if other-
wise material, is competent notwithstanding one of the participants
in such conversation is dead.

5. CONTRACT—*may rest part in writing and part in parol.* A
contract may rest partly in writing and partly in parol; and the
parol portion may be established by oral testimony.

6. COUNTS—*when election under, need not be made.* In this
case it was held that it was proper not to require the plaintiff to
elect under which count he would proceed where one of such counts
was for the conversion of merchandise and the other for the con-
version of the proceeds of such merchandise after its sale.

7. INSTRUCTIONS—*when references to evidence, proper.* Instruc-
tions which tell the jury that "if you believe from the evidence,"
are proper; it is not necessary that the phrase "if you believe from
a preponderance of the evidence" should be employed.

8. INSTRUCTIONS—*when confusion in modifications will not re-
verse.* Where the modifications of instructions are inserted in
wrong places, thereby causing some confusion, a reversal will not
follow unless it is apparent that the jury were misled.

Action of trover. Appeal from the Circuit Court of Living-
ston County; the Hon. THOMAS M. HARRIS, Judge, presiding.
Heard in this court at the October term, 1905. Affirmed. Opinion
filed March 10, 1906.

R. S. MCILDUFF, for appellant.

A. C. NORTON and R. B. CAMPBELL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This case was before us at a former term, and our opinion
is reported in Freehill v. Hueni, 103 Ill. App., 118. On
page 123 of that opinion the word "plaintiff" at the end of
the first paragraph should be "defendant," and in the next to
the last sentence of the opinion the word "conversation"
should be "conversion." That opinion contains a full state-
ment of the case, and it will not be repeated here. After
the cause was remanded to the court below various changes
in the pleadings were made, and the cause was finally tried
upon two of the counts of the original declaration, one for

the conversion of the oats, and the other for the conversion of the proceeds of the oats after their sale; all proper pleas and replications being by agreement treated as filed. There was a jury trial in January, 1905, and a verdict of plaintiff for $341.87. There was a judgment for that sum, to which judgment these words were added, "with interest thereon at the rate of five per cent. per annum from January 19, A. D. 1905, to the present date." That provision for interest is assigned for error. The date named was the date of the rendition of the verdict. The judgment was in April following. Section 3 of our statute on interest authorizes such an allowance of interest upon a verdict; but as the court did not compute the interest and find the amount thereof, it will not avail plaintiff, as the clerk can only issue an execution for the amount named in the judgment, and that judgment will only bear interest from its date.

The one meritorious question in this case is whether defendant did keep on hand the 880 bushels of oats delivered to him by plaintiff, and for which he issued his warehouse receipt, or other oats of like quantity and quality, to meet said warehouse receipt, or whether a few months after the issuance of this receipt he shipped out and sold all the oats in his warehouse and bins, thereby converting the oats to his own use. Upon this subject there was a direct conflict in the evidence, and there was evidence sufficient to sustain plaintiff's charge of a conversion. The condition of the proof is such that we would not be warranted in disturbing the verdict of the jury upon that subject.

Defendant insists the court erred in permitting plaintiff to prove a conversation between defendant and Best the next summer after the oats were delivered to defendant, in which, according to plaintiff's witness, defendant told Best in effect that he had shipped out all the oats and had no oats on hand to answer plaintiff's warehouse receipt. We fail to see the force of the objection. Best is dead, but that does not deprive plaintiff of the right to prove the conversation by another person who was present. Whether the witness was telling the truth or was actuated by some improper

motive to testify falsely was for the jury to decide. A statement made by a party to a suit concerning the merits of the controversy and against his interest may be proved in evidence against him.

The warehouse receipt set out in our former opinion does not state the grade of the oats. The court permitted plaintiff to prove that the oats plaintiff delivered to defendant were number 2 oats. We are of opinion this proof was properly received. A contract may rest partly in writing and partly in parol. If the writing had specified the grade plaintiff could not have contradicted it, but the receipt being silent on that subject it was proper to permit plaintiff to supply the omission.

Certain instructions given at plaintiff's request required defendant to have on hand oats sufficient to meet his outstanding warehouse receipts, and it is repeatedly asserted by defendant, appellant here, in his brief that the record conclusively shows that this was the only warehouse receipt outstanding. On pages 110 and 111 of the record it will be found that defendant testified that he had other storage certificates outstanding besides plaintiff's, probably one or two thousand bushels, and that he had just a few storage receipts out.

It is claimed the court should have compelled plaintiff to elect under which of the two counts above specified he would proceed. We find nothing in the record requiring or justifying such election.

Complaint is made of the action of the court upon the instructions. We find these complaints in the main without merit. Some of plaintiff's instructions said, "If you believe from the evidence," and it is argued that that was erroneous, and they should have read "If you believe from the preponderance of the evidence." This contention is without merit. Such instructions have been repeatedly approved as sufficient. We select a few cases at random. Mt. Olive Coal Co. v. Rademacher, 190 Ill., 538; Chicago City Ry. Co. v. Hastings, 136 Ill., 251; Pennsylvania Co. v. Marshall, 119 Ill., 399. In one or two cases in modifying defend-

ant's instructions, the modification was inserted in the wrong place, so that the modification may have created some confusion. We find, however, that in the main the jury were well and sufficiently instructed, and that they could not have been misled.

It is claimed the verdict exceeds the amount due on plaintiff's theory by a few dollars. The excess claimed is 'too small to work a reversal under the rule *de minimis non curat lex*, but we find by computation that the verdict is not excessive.

We find no substantial error in the record and are of opinion that the judgment is just. The judgment is therefore affirmed.

*Affirmed.*