[No. 8627.  Department One.  July 1, 1910.]

## H. G. CORBETT *et al.*, *Respondents*, v. W. F. WEAVER, *as Executor etc.*, *Appellant.*[1]

EVIDENCE—DECLARATIONS BY DECEDENT—ADMISSIONS—SELF-SERVING DECLARATIONS.  In an action against executors for services rendered the deceased, evidence of a conversation had with deceased against interest is admissible, but a statement made by him in his favor is inadmissible as a self-serving declaration.

Appeal from a judgment of the superior court for Whitman county, Sullivan, J., entered May 26, 1909, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for services rendered.  Affirmed.

*J. P. Burson* and *John Pattison*, for appellant.

*Hanna & Hanna*, for respondents.

MORRIS, J.—Respondents brought the action to recover for services rendered appellant's testator in his lifetime.  They obtained judgment below, and defendant appeals.

The main assignments of error grow out of the admission and rejection of testimony.  A witness in behalf of respondent was permitted to testify, over appellant's objection, to a conversation had with deceased, in which certain statements were made concerning his liability in the matter in issue.  Such evidence was proper.  The evidence admitted was in the nature of a declaration against interest, and would have been competent had the action been against deceased in his lifetime.  Death does not render incompetent admissions and declarations of a party made against interest, in an action against his personal representatives.  Elliott, Evidence, § 2087; *Miller v. McDowell*, 69 Kan. 453, 77 Pac. 101; *Griseza v. Terwilliger*, 144 Cal. 456, 77 Pac. 1034; *Massee-Felton Lumber Co. v. Sirmans*, 122 Ga. 297, 50 S. E. 92; *Schell v. Weaver*, 128 Ill. App. 106; *Hueni v. Freehill*, 125 Ill. App. 345.

[1]Reported in 109 Pac. 803.

Appellant sought to show a statement made by deceased in favor of his contention of nonliability. This was rejected. This was not error. It is well settled that, in an action of this character, declarations made by deceased in his favor are in the nature of self-serving declarations, and are inadmissible. *Avery v. Moore,* 34 Ill. App. 115; *Scribner v. Adams,* 73 Me. 541; *Ward v. Ward,* 37 Mich. 253; *Jilsun v. Stebbins,* 41 Wis. 235; *Doan v. Dow,* 8 Ind. App. 324, 35 N. E. 709; *Reese v. Murnan,* 5 Wash. 373, 31 Pac. 1027.

Appellant argues that the same rule should apply in both cases; either all the statements and declarations of deceased should be admitted or none. The same distinction applies after death as before. Death does not create any new, nor disturb any old, rules of evidence, except in so far as the statute renders evidence of transactions with deceased inadmissible, when the adverse party sues or defends in a representative capacity. Such statute, however, has no controlling application to either the evidence admitted here or that rejected, since the rules here announced would be the same irrespective of the statute, the rule of admissibility being determined, not by the statute but by the character of the declarations, admitting that against interest, rejecting that in interest. *Miller's Appeal,* 100 Pa. St. 568, 45 Am. Rep. 394; *Hayden v. Pierce,* 71 Hun 59, 25 N. Y. Supp. 55.

The remaining assignments relate to the refusal to enter judgment notwithstanding verdict, and the denial of a new trial. Upon the motion for a new trial the errors here presented were before the court, and, for the reasons here given, its ruling was correct. There is no merit in the motion for judgment, as the evidence was sufficient to sustain the verdict, if believed by the jury, and the verdict itself is the best proof that it was.

The judgment is affirmed.

Rudkin, C. J., Fullerton, and Gose, JJ., concur.

Chadwick, J., took no part.