[No. 20840.   Department Two.   March 19, 1928.]

William H. Mott *et al., Respondents,* v. Austin
McDonald, *as Executor, Appellant.*[1]

[1] Frauds, Statute of (44)—Modification of Written Contract
by Parol Agreement.  The rule against modifying a written
contract by parol is subject to the exception that it may be
modified by a subsequent executed oral agreement.

[2] Evidence (99, 101)—Declarations by Decedent—Admissions—
Self-Serving Declarations.  In an action against an executor
on a contract of his decedent, admissions made by deceased are
admissible in evidence, but statements made by him in his
favor are inadmissible as self-serving declarations.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered May 18, 1927, upon
findings in favor of the plaintiffs, in an action for
specific performance, tried to the court.  Affirmed.

*E. C. Dailey,* for appellant.

*D. W. Locke* and *L. L. Black,* for respondents.

Fullerton, J.—On November 13, 1922, the respondents, Mott, and Charles A. Robinson, entered into an
agreement in writing whereby they mutually agreed to
purchase from one Mary Guy a tract of land containing approximately four acres, at a price of $1,100.  It
was a part of the agreement that Robinson should pay
the purchase price and take a deed to the land in his
own name, and that the respondents should clear the
land, fence it, and erect thereon certain specified buildings, at which time they were to receive from Robinson
a deed conveying to them an undivided half interest in
the land.  The agreement was thereafter carried out
according to its terms; Robinson purchased the land,
and the respondents cleared and fenced it, and erected

[1]Reported in 265 Pac. 153.

thereon the buildings agreed upon. When the time came for the execution of the deed, however, Robinson proposed a new arrangement. He offered to deed to the respondents the entire property in consideration that they would pay him $300 per year for a period of ten years. This proposition the respondents accepted, and for the purpose of carrying out the agreement, Robinson executed and delivered to them a deed to the property, and they, in turn, executed and delivered to him ten promissory notes of $300 each. The notes were payable annually, without interest, the first one becoming due on September 1, 1925, and the remainder yearly thereafter. To secure the payment of the notes, the respondents executed a mortgage on the property to Robinson.

Robinson was at the time well advanced in years, and was suffering from an incurable malady which was rapidly sapping his strength. He was a bachelor, living alone, and he soon began to realize that he might become helpless and need assistance, which the payments provided for in the notes would be insufficient to procure for him. He then proposed to the respondents a third agreement. He offered, in consideration that the respondents would pay such of the notes as matured in his lifetime, take care of his house, do his washing, furnish him with the necessary help at such times as he should be unable to care for himself, to treat the services as payment in full of all of the notes remaining unpaid at the time of his death. This proposition, also, the respondents accepted. The agreement was entered into shortly before Thanksgiving Day in 1924. It was not reduced to writing, but the trial court found that the respondents immediately entered upon the performance of the contract, and substantially performed it, up until some two weeks prior to the death of Robinson, which occurred on November

9, 1925. Further performance was prevented by the fact that Robinson was taken to the home of the appellant, Austin McDonald, and the respondents denied the right to further administer to his wants.

Robinson, shortly after he was taken to the home of McDonald, made a will in which he devised and bequeathed to McDonald all of his property, nominating him in the will as the executor of his estate. McDonald qualified as such executor, and the respondents presented to him a demand for the unpaid notes and a demand for the cancellation of the mortgage given to secure them. McDonald, as executor, refused to comply with the demands, and the present action was instituted to enforce a compliance therewith. McDonald took issue on the allegations of the complaint, and by a cross-action sought a foreclosure of the mortgage. The court below, after a trial, entered a decree in favor of the respondents, and from the decree McDonald appeals.

[1] The appellant first contends that the trial court, by its judgment, allowed a written contract to be set aside and annulled by a contemporaneous parol agreement. But we do not so understand the court's decision. It allowed evidence of all of the transactions between the respondents and Robinson relating to their dealings in connection with the subject matter of the controversy to be put in evidence, but this was for the purpose of throwing light on their subsequent final agreement which could hardly be understood otherwise. But this is not to allow a contemporaneous oral agreement to modify a written agreement. What the court determined was that the written agreement evidenced by the notes and the mortgage was modified by a subsequent parol agreement, and gave effect to the parol agreement. The legal question presented is, therefore, whether, conceding that the subsequent oral

agreement was proven, it is competent to modify the written agreement by showing such an agreement. The question is not a new one in this state. We have had it before us in various forms, but perhaps the case most nearly applicable is that of *Gerard-Fillio Co. v. McNair*, 68 Wash. 321, 123 Pac. 462, wherein we said:

"While it is the rule that a written executory agreement to sell or purchase real estate cannot be rescinded or abrogated by an oral executory agreement to rescind or abrogate, it does not follow that such an agreement cannot be modified or abrogated by an executed oral agreement. On the contrary, it is recognized by our own cases above cited, and it is the rule of all the cases in so far as we are advised, that an executed oral contract to modify or abrogate a written contract, required by statute to be in writing, can be successfully pleaded as a defense to an action on the original contract. To hold otherwise is to make the statute of frauds an instrument of fraud; for it would be a fraud to allow a person to enforce a contract which he had agreed on sufficient consideration to modify or abrogate after he has accepted the consideration for its modification or abrogation. It is for this reason that equity allows a performance or a substantial part performance of a contract, invalid because not in writing, modifying or abrogating a valid contract to be pleaded as a defense to an action on the valid contract. To do otherwise would be to allow one of the parties to have the benefit of both contracts when in equity and good conscience he should have the benefit of but one."

In this instance, the subsequent parol agreement was no longer executory, but executed. It was fully performed by the parties who had the duty of performance, and it violates no principle of law or justice to say that the other party should not have the benefit of both the performance and consideration agreed to be paid for the performance. See, also, *Clements v. Cook*, 112 Wash. 217, 191 Pac. 874; *McInnis v. Watson*, 116 Wash. 680, 200 Pac. 578.

[2] It is next urged that the court erred in permitting the declarations of Robinson to be shown in proof of the subsequent oral agreement, and in rejecting evidence of the same sort to a contrary effect. But the questions were before us in *Corbett v. Weaver,* 59 Wash. 248, 109 Pac. 803, wherein we held against the contentions. In the course of the opinion, we said:

"The main assignments of error grow out of the admission and rejection of testimony. A witness in behalf of respondent was permitted to testify, over appellant's objection, to a conversation had with deceased, in which certain statements were made concerning his liability in the matter in issue. Such evidence was proper. The evidence admitted was in the nature of a declaration against interest, and would have been competent had the action been against deceased in his lifetime. Death does not render incompetent admissions and declarations of a party made against interest, in an action against his personal representatives. Elliott, Evidence, § 2087; *Miller v. McDowell,* 69 Kan. 453, 77 Pac. 101; *Griseza v. Terwilliger,* 144 Cal. 456, 77 Pac. 1034; *Massee-Felton Lumber Co. v. Sirmans,* 122 Ga. 297, 50 S. E. 92; *Schell v. Weaver,* 128 Ill. App. 106; *Hueni v. Freehill,* 125 Ill. App. 345.

"Appellant sought to show a statement made by deceased in favor of his contention of nonliability. This was rejected. This was not error. It is well settled that, in an action of this character, declarations made by deceased in his favor are in the nature of self-serving declarations, and are inadmissible. *Avery v. Moore,* 34 Ill. App. 115; *Scribner v. Adams,* 73 Me. 541; *Ward v. Ward,* 37 Mich. 253; *Jilsun v. Stebbins,* 41 Wis. 235; *Doan v. Dow,* 8 Ind. App. 324, 35 N. E. 709; *Reese v. Murnan,* 5 Wash. 373, 31 Pac. 1027.

"Appellant argues that the same rule should apply in both cases; either all the statements and declarations of deceased should be admitted or none. The same distinction applies after death as before. Death does not create any new, nor disturb any old, rules of evidence, except in so far as the statute renders evi-

dence of transactions with deceased inadmissible, when the adverse party sues or defends in a representative capacity. Such statute, however, has no controlling application to either the evidence admitted here or that rejected, since the rules here announced would be the same irrespective of the statute, the rule of admissibility being determined, not by the statute but by the character of the declarations, admitting that against interest, rejecting that in interest. *Miller's Appeal,* 100 Pa. St. 568, 45 Am. Rep. 394; *Hayden v. Pierce,* 71 Hun 59, 25 N. Y. Supp. 55.''

The remaining contention is that the evidence is insufficient to sustain the findings of the court. It is argued that the evidence was not of that clear and convincing nature which the law requires. The rule invoked has the sanction of this court (*Dinsmore Sawmill Co. v. Falls City Lumber Co.,* 70 Wash. 42, 126 Pac. 72), but the trial judge who sat as the trier of the facts was not unmindful of it. His memorandum opinion is brought up with the record, and in it he especially states that the evidence clearly establishes the subsequent oral agreement, and clearly establishes that the respondents performed the agreement on their part. Our examination of the record convinces us that his conclusion is just.

Affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and HOLCOMB, JJ., concur.