THE LAKE ERIE AND WESTERN RAILWAY COMPANY

*v.*

JOHN ZOFFINGER.

*Filed at Springfield June 14, 1883.*

1.  APPEAL—*reviewing controverted questions of fact.*  Where there is a direct conflict in the testimony on almost all the material facts, in an action on the case to recover for a personal injury caused by negligence, a finding by the jury for the plaintiff implies a finding of every fact the evidence tends to establish in favor of the plaintiff necessary to sustain the action, and when the Appellate Court finds the facts the same way by affirming the judgment, such finding is conclusive on this court.

2.  NEGLIGENCE—*facts establishing negligence.*  In an action on the case against a railway company, to recover for a personal injury alleged to have resulted from the negligence of defendant, where there was evidence tending to show that the plaintiff was struck by cars being moved by the defendant at a street crossing; that the train was being run at an unusual rate of speed; that no bell was rung or whistle sounded; that there was no light on the forward car that struck the plaintiff, and that plaintiff was observing due care for his safety, it was *held,* that such facts, assuming them to have been proven, established a clear right of recovery in the plaintiff.

3.  ERROR WILL NOT ALWAYS REVERSE—*admission of improper evidence.*  The admission of improper evidence of a trifling character, not affecting in the slightest degree the defence set up, affords no ground for reversing a judgment in favor of the plaintiff fully justified by the other facts found by the jury.

4.  EVIDENCE—*statements of a third person.*  In an action to recover for a personal injury by being struck by a moving car at a street crossing, the defence was a want of due care by the plaintiff, and that he was intoxicated. The defence offered to prove that just before the accident the plaintiff, in a saloon, called for a drink of liquor, and that the bar-keeper told him he had enough, which the court excluded, on objection: *Held,* that this evidence was not admissible, and was properly refused. The fact whether plaintiff was under the influence of liquor was subject to proof the same as any other fact in the case, but could not be proved by the declaration of a third person.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was an action on the case, brought by appellee, against the appellant, in the McLean circuit court, where a trial was had resulting in a verdict and judgment in favor of the plaintiff, for $3500, and costs. On the trial the defendant sought to show that the plaintiff was intoxicated at the time he was injured, which the plaintiff denied. The defendant called Mr. Lancaster, who testified that he saw plaintiff in Homath's saloon, and thought he was drunk, and heard him ask the bar-keeper for more liquor, and then the witness was asked, "What did the bar-keeper say?" The court sustained an objection to the question. The defendant then offered to prove by the witness that the bar-keeper said to plaintiff, "No, you have had enough," but the court excluded it. The other material facts appear in the opinion.

Mr. Benjamin D. Lucas, and Messrs. Weldon & McNulta, for the appellant:

The burden of proving that he exercised ordinary care was on the appellee. *Dyer* v. *Talcott*, 16 Ill. 300; *Chicago, Burlington and Quincy R. R. Co.* v. *Hazzard*, 26 Ill. 377; *Chicago, Burlington and Quincy R. R. Co.* v. *Damerell*, 81 id. 454; *Kipperly* v. *Ramsden*, 83 id. 355; *Indianapolis and St. Louis R. R. Co.* v. *Evans*, 88 id. 63; *President, etc.* v. *Carter*, 2 Bradw. 34; *Chicago City Ry. Co.* v. *Lewis*, 5 id. 245.

Declarations of a third party to plaintiff about a matter material to the issue are competent evidence. Wharton on Evidence, (2d ed.) sec. 1136; *Jewett* v. *Banning*, 23 Barb. 15; *McClerhan* v. *McMillon*, 6 Pa. St. 366.

The negligence complained of must have caused the injury. *Chicago and Rock Island R. R. Co.* v. *McKean*, 40 Ill. 218; *Chicago, Burlington and Quincy R. R. Co.* v. *Lee, Admr.* 60 id. 504; *Chicago, Burlington and Quincy R. R. Co.* v. *VanPatton*, 64 id. 514; *Chicago, Burlington and Quincy R. R. Co.* v. *Lee, Admr.* 68 id. 583.

If appellee failed to exercise ordinary care he can not recover. *Dyer* v. *Talcott,* 16 Ill. 300; *G. C. W. R. R. Co.* v. *Jacobs,* 20 id. 478; *Grand Tower Manf. and Trans. Co.* v. *Hawkins,* 72 id. 388; *Chicago and Alton R. R. Co.* v. *Becker,* 76 id. 26; *Chicago, Burlington and Quincy R. R. Co.* v. *Harwood,* 80 id. 90; *Illinois Central R. R. Co.* v. *Green,* 81 id. 24; *Kipperly* v. *Ramsden,* 83 id. 357; *Illinois Central R. R. Co.* v. *Hetherington,* id. 515; *Indianapolis and St. Louis R. R. Co.* v. *Evans,* 88 id. 64; *Chicago and Northwestern R. R. Co.* v. *Scates,* 90 id. 587; *Illinois Central R. R. Co.* v. *Patterson,* 93 id. 294.

The law is, that unless appellee was struck at the street crossing, he can not recover. *Illinois Central R. R. Co.* v. *Hetherington,* 83 id. 510; *Illinois Central R. R. Co.* v. *Godfrey,* 71 id. 500; *Lake Erie and Western Ry. Co.* v. *Zoffinger,* 10 Bradw. 252; *Jefferson and Madison R. R. Co.* v. *Goldsmith,* 47 Ind. 43; *Gill* v. *Pennsylvania R. R. Co.* 59 Pa. St. 129; *Railroad Co.* v. *Norton,* 12 Harr. 465; *Railroad Co.* v. *Mulheim,* 81 Pa. St. 366.

Mr. N. B. REED, and Messrs. FIFER & PHILLIPS, for the appellee:

The declaration of the bar-keeper to the plaintiff was clearly incompetent to prove the fact sought to be shown thereby.   1 Greenleaf on Evidence, sec. 199; *Child* v. *Grace,* 2 Carr. & Payne, *193; *Commonwealth* v. *Kinney,* 12 Metc. 235.

The negligence alleged was, first, there was no light on the west end of the train at the time it crossed Howard street; second, the bell was not rung; third, the train, when approaching, was running at a high rate of speed; and fourth, there was no person on the west end of the train to watch the track or give warning of danger.   The jury must have found some of these allegations of carelessness were proven, and if so, the recovery was rightful.

This case has been tried three times, each and every trial resulting in a verdict for the plaintiff.

Per Curiam: This action was brought by John Zoffinger, against the Lake Erie and Western Railway Company, to recover for personal injuries sustained by plaintiff, caused by a train of cars defendant was moving over the track of the Indianapolis, Bloomington and Western railroad, in the city of Bloomington. On the trial plaintiff recovered a judgment for $3500, on which the circuit court rendered judgment against defendant. That judgment was affirmed, on appeal, in the Appellate Court, and defendant brings the case to this court on its further appeal.

After a careful consideration of the entire record, no tangible ground is perceived on which a reversal of the judgment in this case can be based. There was a direct conflict in the testimony touching almost every material fact in the case; but the jury found the issues in favor of plaintiff, and that implies a finding of every fact the evidence tends to establish in favor of plaintiff that was necessary to sustain the action. The Appellate Court, by its judgment of affirmance, having found the facts the same way, its findings are, of course, conclusive on this court, under the statute.

There is evidence tending to show plaintiff was struck by the cars being moved by defendant, at or on the crossing of Howard street; that the train was being run at an unusual rate of speed; that no bell was rung or whistle sounded; that there was no light on the forward car that struck plaintiff, and that plaintiff was observing due care for his safety. As there was some evidence tending to establish these facts the jury must have so found, and the affirmance of the judgment in the Appellate Court implies a finding of the facts the same way. Conceding the facts to be as they must have been found, a clear case is made in favor of plaintiff, where a recovery is fully justified.

The evidence admitted which it is insisted was improperly allowed, is of too trifling a character to be made the ground of a reversal of a judgment where the facts are as the jury must have found them.   It could not in the slightest degree affect the defence sought to be made, and defendant was not in the least prejudiced by its admission.   There was no error in excluding what the bar-keeper may have said to plaintiff when he called for something to drink at his counter.   No principle is suggested on which such declarations are admissible.   All that was sought to be proved was, whether plaintiff was then under the influence of intoxicants.   The remark made by the witness was not proper to show that fact.   If that was his condition, it was subject to proof as any other fact in the case.   What the witness said to him was not proper to show his condition.

But two instructions were given for plaintiff.   Neither of them contains any bad law.   So far as they assume to state the law, it is formulated with sufficient accuracy.   On the other hand a great number of instructions,—fifteen in all,— were given for defendant, which state every conceivable principle of law defendant deemed applicable to the facts of the case.   There can be no just ground for complaint on account of instructions given at the trial.   Indeed, the charges given were very favorable to the defence defendant was endeavoring to make.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*