WILLIAM E. HUGHES *et al.*

*v.*

THE PEOPLE, for use of T. C. Kerrick.

*Filed at Ottawa January 22, 1885.*

1.  GUARDIAN AND WARD—*security for money loaned—approval by the county court—liability of guardian without such approval.*  The statute requiring a guardian to keep his ward's money at interest, upon good security, to be approved by the county court, is mandatory, and a loan upon real estate security without such approval is made at the peril of the guardian, and if loss occurs, the guardian can not exonerate himself by showing he acted in

good faith, or that the security was good when taken, but afterwards became insufficient from a general shrinkage of values. This statutory provision is intended as a further protection to the estates of wards.

2. SAME—*liability of guardian for compound interest in case of loss.* Where a guardian, in violation of the statute, loans his ward's money upon real estate security without the direction or sanction of the county court, it will be regarded as a willful violation of duty, and he will be charged with compound interest upon any loss to the ward's estate growing out of the insufficiency of the security.

3. COMPOUND INTEREST—*when trustee chargeable therewith.* When a trustee willfully violates his duty in respect to the trust estate, resulting in loss, he may properly be charged with compound interest.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. STEVENSON & EWING, and Messrs. FIFER & PHILLIPS, for the appellants:

A guardian is a trustee, and the general principles relating to trustees are applied to him. 2 Kent's Com. 230, 231, and notes; *Newman* v. *Reed,* 50 Ala. 297.

If a trustee acts with due diligence in the discharge of his duty, he is not to be held liable for injury and loss accruing to the beneficiary. *Newman* v. *Reed,* 50 Ala. 297; *Gould* v. *Hayes,* 19 id. 438; *Henderson* v. *Summers,* 33 id. 438; *Ivey* v. *Coleman,* 42 id. 409.

This is the proper rule to apply to guardians. 4 Bacon's Abr. 561.

A guardian is not liable for an error in judgment in making investments, where he acts in good faith, and is reasonably prudent under the circumstances. *Lowell* v. *Minott,* 20 Pick. 116; *Covington* v. *Leak & Wall,* 65 N. C. 594; *State ex rel.* v. *Munson,* 68 id. 162.

One holding trust funds must put them out at interest. *Newman* v. *Reed,* 50 Ala. 297.

A guardian acting in good faith is not chargeable with loss, even where he fails to exercise the highest diligence. *Love* v. *Logan,* 69 N. C. 70.

The guardian may change personal property into realty, or realty into personal property, without making himself responsible, though the change subsequently proved injurious. *Bonsall's case,* 1 Rawle, 266; *Gelbach's appeal,* 3 S. & R. 205; *Boggs* v. *Adger,* 4 Rich. Eq. 408; *Lovell* v. *Minott,* 20 Pick. 116; *State ex rel.* v. *Munson,* 68 N. C. 162.

If the guardian or trustee does an act without applying to the court, which, if asked, would have been given, being for the benefit of all concerned, it will be ratified and affirmed, or held of the same validity as if previously ordered by the court. *Gay* v. *Lynch,* 8 Gill, 404.

Previous approval is not always necessary. *Janett* v. *Andrews,* 7 Bush, 311.

The county court having refused or neglected to examine and approve of the securities, ought not to prejudice the honest and faithful conduct of the guardian.

Compound interest was at times charged by the English courts to guardians, like other trustees, but only in cases of willful and corrupt misappropriation of the trust fund.

Interest was not allowed at common law unless there was an express contract to pay interest. *Madison County* v. *Bartlett,* 1 Scam. 69; *Sammes* v. *Clark,* 13 Ill. 544; *Hitt* v. *Allen,* id. 592.

Messrs. KERRICK, LUCAS & SPENCER, for the appellee:

The statute made it the guardian's duty to invest his ward's money in real estate security, to be approved by the county court; and this is mandatory, as a further protection to the funds of wards. Having failed to observe this duty, the guardian loaned at his peril. Not having discharged his duties faithfully, he was entitled to no compensation. *Bond* v. *Lockwood,* 33 Ill. 216.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

At the June term, 1874, of the county court of McLean county, William E. Hughes was appointed guardian of Ellen Murray, and entered into bond as such, with John F. Humphreys and others as his sureties. While acting as guardian, there came to his hands the sum of $8100 belonging to his ward, a considerable portion of which he appears to have loaned to different parties upon real estate security, without the approval of the county court, and the security thus taken as to some of the loans has since turned out to be insufficient, whereby a loss has occurred. In July, 1878, T. C. Kerrick succeeded Hughes as guardian, whereupon the latter turned over to him a part of the fund, and also tendered him the balance in notes and mortgages of the character just stated, but Kerrick declined to receive them, on the ground they were not available, and that the loans had been made without the authority of the county court. Hughes insisting on his right to turn over these securities in discharge of his liability as guardian, Kerrick brought an action in the McLean circuit court, against him and his sureties on his guardian's bond. The cause was subsequently removed from McLean to Livingston county, where a trial was had, resulting in a verdict in favor of plaintiff for $3337.79, which, on appeal, was affirmed by the Appellate Court for the Second District, and the cause, by further appeal, is brought to this court.

The errors of law complained of, arise on the rulings of the trial court. That court, in effect, held that the statute requiring a guardian to keep his ward's money at interest, upon good security, to be approved by the county court, is mandatory, and that a loan upon real estate security without such approval is made at the peril of the guardian, and that in such case, if a loss occurs, the guardian can not exonerate himself by showing he acted in good faith, or that the security was good when taken, but subsequently became insufficient in

consequence of a general shrinkage of values. The court in thus holding but followed the express rulings of this court in *McIntyre* v. *The People, use, etc.* 103 Ill. 142. The decision in that case was reached after a very careful consideration of our statute, in connection with the common law doctrines relating to the same subject, and we have no disposition to depart from or in any manner qualify the rule as there laid down. The legislature, in adopting our statute requiring the approval of the county court to loans made by guardians on real estate security, was evidently intending to give additional protection to the estates of infants, and this intention on the part of the legislature can only be given effect by holding as we did in the *McIntyre case,* and do now, that the act is mandatory. To hold otherwise would leave the law practically as it was before. The guardian, under such a construction, might obtain the approval of the county court of such loans, or not, just as he saw fit, which would make the statute practically a dead letter.

It is also objected the guardian should only be charged with simple interest. We do not think so. By putting out the money in the manner he did, in violation of an express provision of the statute, he placed it beyond his power to make it bring compound interest, as it otherwise would have done if properly loaned. This violation of the statute was knowingly done, and therefore willfully done; and the law is well settled that where a trustee willfully violates a duty in respect to the trust estate, resulting in loss, he may properly be charged with compound interest.

We perceive no cause to disturb the judgment of the court below, and it is therefore affirmed.

*Judgment affirmed.*


Mr. JUSTICE WALKER: I am unable to concur in all the doctrines of this case. I think it is in some respects opposed to the case of *Bond* v. *Lockwood,* 33 Ill. 212.