Almerin H. Winslow

v.

The People, for use of Ida G. Walrath.

*Filed at Ottawa May 15, 1886.*

1. Guardian and ward—*in case of several wards, and only one bond —several liability to the wards.* Where one is appointed guardian for three wards and gives but one bond, he will be the separate guardian of each ward, and the death of one will not relieve the guardian from responsibility as guardian of the survivors; and an action may be maintained on his bond, in the name of the People, for the use of the surviving wards.

2. Same—*grounds of liability on guardian's bond—whether a devastavit must first be established.* An action lies upon a guardian's bond, given prior to the act of 1874, without first establishing a *devastavit.* A declaration on such a bond contained two breaches: First, that on April 17, 1877, the county court ordered the guardian to render a full account of his guardianship, and that he failed to do so; and second, that one of the wards was, on July 16, 1877, (the day she became of age,) entitled to receive a certain sum from the guardian, and that he converted such sum to his own use, and failed to pay it over to her: *Held,* sufficient, if proved, to authorize a judgment against the surety on the bond.

3. It is no defence to an action on a.guardian's bond to allege and show that "no adjustment was ever had of the accounts of the guardian by the probate court." It is not necessary that the liability of the principal be first established by obtaining judgment against him alone, before the surety can be held liable. Section 13, chapter 103, of the Revised Statutes of 1874, dispensing with the necessity of establishing a *devastavit,* applies in the case of a suit upon a guardian's bond executed before it took effect.

4. Same—*loaning money of the ward without approval of the court.* A loan of money of the ward, by the guardian, upon real estate security without the approval of the county court, is made at the peril of the guardian, and if a loss occurs, the guardian can not exonerate himself by showing that he acted in good faith, or that the security was good when taken.

5. Same—*ratification by the ward.* The fact that a ward, after reaching her majority, lived with her father, in his house, upon property mortgaged by him to secure a loan from her guardian, is not sufficient to show that she ratified or approved of the act of the guardian in making such loan to her father.

6. Same—*interest—when recoverable in action on guardian's bond.* In an action on a guardian's bond, the evidence showed that prior to the institution of the suit the guardian made a report to the county court, show-

ing a certain sum in his hands on January 1, 1877, belonging to his ward, which he never paid; that he failed to make a full accounting when ordered to do so by the county court, and that he loaned his ward's money on real estate securities without the approval of the county court: *Held,* that for these violations of duty he was clearly chargeable with interest. It was not necessary to show a demand for the money before interest could be charged.

7. Statute—*affecting the remedy—retrospective operation.* Where an act merely changes the remedy or the rule of procedure, all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law.

8. A statute providing that it shall not be necessary to a recovery upon an official bond, that a *devastavit* shall have been previously established against the principal, is one which has reference only to the mode of procedure.

9. Remittitur—*to obviate error in excessive damages.* If the plaintiff takes judgment for more damages than are alleged in the declaration, he may cure the error by a *remittitur* of the excess, in the court of review.

10. Error will not always reverse—*receiving evidence not necessary.* The fact that a court trying a cause without a jury may have received in evidence papers and proceedings more than were necessary or material to be shown, affords no ground for reversal.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. George W. Smith, and Mr. John M. Gartside, for the appellant:

The bond in this case was given for the performance of the duty of Bowen as guardian of three minors, or of their estate. One of these minors died in 1871, and thereby the appointment ceased. Although he continued thereafter to act as guardian of Ida and Daniel, separately, the condition of the bond did not cover his conduct in that capacity. *Scheel* v. *Eidman,* 68 Ill. 193.

At the time the bond was given, in 1867, it was required that before a suit could be brought on the bond, a *devastavit* must be established. The statute allowing a suit against a guardian without the establishment of a *devastavit,* was not passed till 1874.

In *McIntrye* v. *People*, 103 Ill. 142, the point does not seem to have been raised. The jurisdiction is equitable, and a surety should not be driven to a court of equity. *Brandon* v. *Brandon*, 106 Ill. 519.

Interest was not chargeable against the sureties. Proof of a demand and refusal is necessary to a recovery. *Price* v. *Farrar*, 5 Bradw. 536.

The *remittitur* cured the error in taking judgment for too much, but costs should have been allowed.

The $3000 loaned to Hamilton W. Walrath upon the homestead, was an investment. Even if the loan was not originally authorized, she has approved of the investment since.

The reproduced orders and accounts were not evidence against Winslow.

Mr. JOHN H. HAMLINE, for the appellee:

As a matter of law Winslow is bound by the approval of Bowen's account by the court. *Ream* v. *Lynch*, 7 Bradw. 168.

The *remittitur* filed in the Appellate Court cured the error in taking judgment in excess of the *ad damnum*.

Bowen was the guardian of each of the three wards,—not their guardian jointly. The statute makes the bond several as to each ward. Rev. Stat. 1845, chap. 47, sec. 5, p. 266, and sec. 15.

The point that a *devastavit* should first be established before suit could be brought on the bond, is disposed of by *McIntyre* v. *People*, 103 Ill. 142; *Benham* v. *People*, 102 id. 434; Rev. Stat. 1874, chap. 103, sec. 13.

Under an act which simply changes the remedy or the law of procedure, all rights of action will be enforcible under the new procedure, without regard to whether they accrue before or after such changes in the law. *Dobbins* v. *First National Bank*, 112 Ill. 562.

Bowen charged himself with interest received every year. As his investments were made without the approval of the

court, and in violation of the statute, he thereby became liable for compound interest. *Hughes* v. *People*, 111 Ill. 461.

Not having discharged his duties faithfully, he was entitled to no compensation. *Bond* v. *Lockwood*, 33 Ill. 216.

Proof of demand of payment and refusal was not necessary. The bringing of the suit was a demand. *Byrne* v. *Insurance Co.* 56 Ill. 326.

Bowen's loan to Walrath was made long before Ida became of age, and not having the approval of the court, is void. (*McIntyre* v. *People*, 103 Ill. 142; *Hughes* v. *People*, 111 id. 461.) There is no proof of a ratification of this loan.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of debt, brought by the People of the State of Illinois for the use of Ida G. Walrath, against Chauncey T. Bowen, George S. Bowen and Almerin H. Winslow, upon a guardian's bond, dated December 10, 1867, and executed by Chauncey T. Bowen, as guardian of Ida G. Walrath, May N. Walrath and Daniel E. Walrath, and by George S. Bowen and Almerin H. Winslow, as sureties thereon. The bond was approved by the county court of Cook county on the day of its date. George S. Bowen filed a plea of discharge in bankruptcy, the issue upon which was found in his favor. Winslow pleaded *non est factum* and *nil debet*. Trial was had without a jury, before one of the judges of the Superior Court of Cook county. The issues were found for the plaintiff below, and the debt assessed at $20,000, the penalty of the bond, and the damages at $3794.39,—upon which finding judgment was entered. The case was taken to the Appellate Court for the First District by writ of error, issued therefrom, and the judgment of the Superior Court was there affirmed. The case is brought to this court by appeal from said Appellate Court.

The first point, made by appellant, is, that Chauncey T. Bowen was appointed guardian of three minors and gave

bond for the performance of his duties, as *such* guardian ; that one of his wards, May N. Walrath, died on November 17, 1871, and thereby his appointment, as guardian of the three, ceased ; that, although he continued thereafter to act, as guardian of Ida and Daniel, the two survivors, separately, the condition of the bond did not cover his conduct in the latter capacity. This position is wholly untenable. The obligee in the bond is "the People of the State of Illinois, for the use of Ida Gazelle Walrath, May N. Walrath and Daniel Eddy Walrath, minors." The condition of the bond is as follows : "If the above bounden Chauncey. T. Bowen, who has been appointed guardian of Ida Gazelle Walrath, May N. Walrath and Daniel Eddy Walrath, shall faithfully discharge the office and trust of such guardian according to law, and shall render a fair and just account of his said guardianship to the county court of Cook county from time to time, as he shall be thereto required by said court, and to comply with all the orders of said county court, lawfully made, relative to the goods, chattels and moneys of such minors, and render and pay to such minors all moneys, goods and chattels, titles, papers and effects, which may come to the hands or possession of said guardian, belonging to such minors, when such minors shall be thereto entitled, or to any subsequent guardian, should such court so direct, then this obligation shall be void," etc. To hold, that suit could only be brought upon such a bond in the name of the People, for the use of the three minors, and not for the use of either or any one of them, who may have been wronged, would be to hold, that a guardian could squander the estate of one ward, without imposing any liability upon his sureties, provided he kept the estates of the others intact.

Chapter 47 of the Revised Statutes of 1845, entitled "Guardian and Ward," provided (section 15), that, "in all cases of any person being appointed guardian for more than one ward at one time, the judge of probate shall include all in one

bond," and, also, provided, (section 5) that such "bond shall be taken to the People, etc., for the use of the minor, but may be put in suit from time to time, in the name and to the use and benefit of any person entitled, by a breach thereof, until the whole penalty shall be recovered thereon." The law of 1845 was in force, when the bond, sued on in this case, was executed. The act of 1872 upon the same subject, in force when this suit was brought, provides, that "when any person shall at the same time be appointed guardian for several minors, the court may, if the estate shall be so situated, as to make it more convenient or advantageous to the interest of the ward, include all in one bond," (section 10,) and, also, that "bonds may be put in suit, in the name of the People, etc., to the use of any person, entitled to recover on a breach thereof." (Section 11.)

The language of these statutes clearly authorizes a suit for the use of one ward, who may be entitled to recover, although the bond may be that of the guardian of several wards. He is not merely the joint guardian of all, but the separate guardian of each. The death of one ward does not relieve him of responsibility, as the guardian of each of the survivors.

It is next objected, that, before suit could be brought on this bond, a *devastavit* should have been established. We do not think that this was required. The first breach, assigned in the declaration, is, that on April 17, 1877, the county court ordered the guardian to render a full account of his guardianship, and that he did not do so. The second breach is, that the said Ida was entitled to receive a certain sum from her guardian on July 16, 1877, when she became of age, and that he converted such sum to his own use and failed to pay it over to her. If these breaches were established by the evidence, upon which question the judgment of the Appellate Court is final, a recovery against the surety was authorized.

We have held, that it is no defence to such a declaration to say, that "no adjustment was ever had of the accounts of

the guardian by the probate court." It is not necessary, that the liability of the principal be first established by obtaining judgment against him alone, before the surety can be held liable. Section 13 of chapter 103 of the Revised Statutes of 1874 upon the subject of "Official Bonds," provides, that, in suits upon the bonds of guardians, "it shall not be necessary to a recovery, that a *devastavit* shall have previously been established against the principal." (*Bonham* v. *The People*, 102 Ill. 434; *McIntyre* v. *The People*, 103 id. 142.) In both of these cases, the bonds sued upon, were executed before the passage of the act of 1874, here referred to.

It is said, that inasmuch as Bowen's bond, as guardian, was made in 1867, this suit upon it can not be governed by the provisions of the act of 1874, which went into effect long after the execution of the bond. But the requirement, that a *devastavit* need not be previously established in cases of this kind, is one, which has reference only to the rule of procedure and the mode of proof. Appellee had no vested right to have this case tried under the laws, affecting practice and evidence, which were in force in 1867. Where an act merely changes the remedy or the law of procedure, "all rights of action will be enforcible under the new procedure, without regard to whether they accrued before or after such change in the law." (*Dobbins et al.* v. *First National Bank*, 112 Ill. 553.) Therefore, the provision of the act of 1874, contained in section 13, and above quoted, was applicable in the case at bar.

The next point, made by appellant, is that the guardian should not have been charged with interest. The evidence tends to show, that Bowen made a report to the county court, in which he admitted, that he had in his hands on January 1, 1877, $2584.05, belonging to Ida G. Walrath, which he has never paid; that, on April 17, 1877, he was ordered by the county court to present a full account of his loans, investments, receipts and expenditures in ten days, which he

never did; that he invested his ward's money in real estate securities without the approval of the county court. For these violations of duty, he was clearly chargeable with interest. (*Hughes* v. *The People*, 111 Ill. 457.) It was not necessary to show, that demand was made upon him for the money. *Byrne* v. *Ætna Ins. Co.* 56 Ill. 326.

It is again objected, that an investment by the guardian of $3000, in a note, secured by a mortgage upon property in Evanston, has been approved by Ida G. Walrath, since she became of age, and that she is, therefore, estopped from refusing a credit for that amount to her guardian. On July 1, 1873, Bowen loaned $3000 of money, belonging to the two wards then surviving, Ida and Daniel, to Hamilton M. Walrath, their father, and took from him his note for that amount, payable in one year, and a mortgage, securing the same, upon his homestead lot in Evanston. The whereabouts of this note are unknown. It has never been paid nor presented for payment. Ida Walrath has never received any of the money, represented by it. The investment in it was never approved by the county court. "A loan upon real estate security, without such approval, is made at the peril of the guardian, and, * * * in such case, if a loss occurs, the guardian can not exonerate himself by showing he acted in good faith, or that the security was good, when taken." (*Hughes* v. *The People*, *supra.*) The only ground for claiming, that Ida Walrath approved of this loan, is the fact, that, after she reached her majority, she lived with her father in his home upon this property. Such fact does not amount to the ratification, contended for. Neither the loan to Hamilton Walrath, nor any of the facts, connected with it, constitute a defence to this action.

The bond of the guardian and all the papers, connected with his appointment and with his accountings in the county court, were destroyed in the great fire of October 9, 1871. After the fire, however, the files were restored, and copies of

the original papers and proceedings were refiled and approved by the court. The restored copy of the bond was acknowledged under oath to be correct, by both the sureties thereon. The fact, that, besides the bond, a few more of the restored papers in the guardianship proceedings, than were necessary or material, may have been received in evidence by the court, trying the case without a jury, affords no ground for reversal. *Lake Erie and Western Railway Co.* v. *Zoffinger,* 107 Ill. 199.

The judgment in the trial court was for $3794.39, while the *ad damnum* in the declaration was only $3000. This was, however, cured by the *remittitur,* which appellee filed in the Appellate Court, remitting all of the judgment in excess of $3000. (*Pixley* v. *Boynton,* 79 Ill. 351.) The evidence tends to show, that at least $3000 was due from the guardian for principal and interest, after giving him all the credits, to which he was rightfully entitled.

We find no error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*