## George E. Roesch v. John E. Young.
### Gen. No. 4193.

1. ABANDONMENT OF CAUSE OF ACTION—*what deemed an.* Where one party has, pursuant to contract, furnished another a furnace, which such other claims is defective, and so notifies the vendor, directs its removal and refuses to pay the balance of the purchase price, and the vendor sues for such balance, but after the commencement of such suit removes the furnace, the cause of action will be deemed to have been abandoned and the defendant entitled, under a plea of set-off, to recover the amount paid on account thereof. Nor is the plaintiff in such a case entitled to recover anything on account of parts of such furnace which he was unable to remove.

2. REVERSAL—*when error in amount of finding does not justify.* Where the amount allowed by the court in its finding is excessive to the extent of a trifling sum, a reversal will not be ordered.

Action of assumpsit.    Appeal from the Circuit Court of Kane County: the Hon. HENRY B. WILLIS, Judge, presiding.    Heard in this court at the April term, 1903.    Affirmed.    Opinion filed October 8, 1903.

SEARS & SMITH, for appellant.

RAYMOND & NEWHALL, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellee employed appellant to place a furnace in his residence, which he agreed to do for $195.    The furnace was put in during the fall of 1901.    October 3, 1901, appellee paid on account $75, and on December 18, $20.    Appellant also put in " a hot water back " at a cost of $10.50, and furnished appellee a garbage pail at $1.50, and a canopy top for a gas stove at $4.52.    Some time after the furnace was started, appellee notified appellant that it did not heat his house.    Appellant made several changes and alterations in efforts to make it furnish sufficient heat, but the evidence is quite conflicting as to whether or not he succeeded. Finally appellee notified appellant to take the furnace out, and thereupon appellant brought this suit to recover the balance he claimed was due him.

Appellee pleaded the general issue, set-off, and a breach of warranty.    A trial was had at the May term of court, 1902, without a jury, but the cause was taken under advisement and the judgment not rendered till the September term, 1902.    Numerous errors are assigned, but in the view we take of the case, it will be unnecessary to discuss or pass upon them.

At the September term of court, and before the judgment was rendered or the finding of the court announced, counsel for the respective parties appeared in open court, and counsel for appellee stated to the court, in the presence of counsel for appellant, that appellant had, since the hearing of the case, removed from appellee's house the furnace in controversy.    Counsel for appellant also stated that it had been removed, and asked the court to hear testimony concerning the damages claimed to have been sustained because certain parts of the furnace could not be removed,

but the request was denied by the court, and judgment rendered in favor of appellee for $95, the amount he had paid on the furnace.

The removal of the furnace was an admission by appellant that it did not comply with the contract, and an abandonment of the cause of action, and the court was not required thereafter to decide, under the evidence, whether the furnace sufficiently heated the house to comply with the contract or not. It will be observed that the request of appellant's counsel was for leave to introduce testimony as to damages on account of " certain parts of the furnace which could not be removed." It was not claimed that appellee objected to or prevented their removal. It was the duty of appellant, under his contract, to place in appellee's house a furnace that would furnish sufficient heat to make the building reasonably comfortable for the occupant therein. If he failed to perform this duty, and put in a furnace that did not comply with his contract, and afterward removed it, he was not entitled to recover damages for any of the parts so attached to the building that they could not be removed. If he sustained damages on this account, it was because he failed to perform his duty under the contract, and he must suffer the loss.

Appellee had paid $95 on the contract price, and under his plea of set-off was entitled to recover it back. We think the court committed no error in so holding. The " hot water back," for which appellant contends he should have been allowed $10.50, was so connected with the furnace as to be a part of it, and was of no use or value to appellee after the furnace was removed. It was not so stated, but doubtless it was removed with the furnace. The evidence shows that appellant furnished appellee a garbage pail worth $1.50, and a canopy top for a gas stove worth $4.52, and no reason appears why he was not entitled to recover for them. They amounted to $6.02. But appellee had paid the $95 almost a year before the judgment was rendered and was entitled to interest thereon. If interest be computed on the $95, it will so nearly equal the

value of the garbage pail and canopy top as to leave a balance of only about $2. The failure of the court to deduct this sum, we think too small a matter to justify us in reversing the judgment, and it is therefore affirmed.

*Affirmed.*