C. L. and C. E. Sheldon, Appellants, v. Charles C. Eakle et al., Appellees.

Gen. No. 5397.

SPENDTHRIFTS—*section 15 of act construed.* The statute which provides that the contracts of a spendthrift etc. made during the pendency of an application for the appointment of a conservator may be avoided, gives to the conservator when appointed the right of avoidance irrespective of the contract in question having been induced by fraud.

Foreclosure. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

HENRY S. and GEORGE S. DIXON, for appellants.

BROOKS & BROOKS and HENRY C. WARNER, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

On June 23, 1909, Charles C. Eakle executed his promissory note of that date to the order of C. L. and C. E. Sheldon for $500 payable sixty days after date, with interest at 6% per annum after maturity, and to secure the same executed a mortgage on certain real estate in Lee county. On September 9, 1909, C. L. and C. E. Sheldon filed in the Circuit Court of Lee county a bill to foreclose said mortgage, and afterwards an amended bill, in which they alleged that they were practicing lawyers and that said note and mortgage were given them as security for services already rendered and for money already advanced and for services and expenses which they might render said Eakle in the future. They sought to recover $5 for advice, charged to Eakle on January 1, 1909; $50 charged to Eakle on January 21, 1909, for drawing a bill for partition; $12, charged on January 22, 1909, for money

advanced for clerk's fees; $5 charged on February 20, 1909, for advice and for a motion to strike a petition for a conservator from the files; $1 charged to Eakle the same day for money loaned, and $100 charged to Eakle on February 22 and 23, 1909, for services in preparing and trying a case in the county court, including the fees of another attorney, said charges amounting in all to $173. Charles C. Eakle and Henry C. Warner his conservator, were made defendants. A cross bill was filed and answered; the cause was referred to a master to take and report proofs, with his conclusions, and he reported favorably to complainants; and afterwards there was a decree dismissing the bill for want of equity, and granting the prayer of the cross bill, from which decree C. L. and C. E. Sheldon prosecuted this appeal. It is assigned for error that the court erred in sustaining the exceptions to the master's report, in refusing to approve the same, in dismissing the bill for want of equity and in granting the relief prayed for in the cross bill. It may well be doubted if any of these alleged errors are presented by the abstract. Rule 16 of this court (137 Ill. App. 625) requires the party bringing a cause to this court to state in concise form in the abstract so much as may be necessary or important of the pleadings, interlocutory orders, judgment or decree, and to fully present every exception relied upon and every error alleged, and also that part of the record which supports the rulings complained of. The abstract states fully the amended bill. It does not set out the answer to the bill, the cross bill or the answer thereto. It sets out none of the pleadings, except the amended bill. It sets out the favorable report of the master, but it does not set out the objections thereto, nor the fact that the same were renewed as exceptions to the report, nor that said exceptions were sustained by the court. It states nothing of the decree except that it dismissed the bill of complaint for want of equity and granted

the prayer of the cross bill, and, as the cross bill is not abstracted, the abstract does not tell us what relief was given to the defendants. We, however, conclude to consider the material questions involved.

On January 5, 1909, two relatives of Charles C. Eakle filed a petition in the county court of Lee county, stating that said Charles C. Eakle "is or is supposed to be an idiot, an insane, distracted and feeble minded person, drunkard and spendthrift, who by reason of unsoundness of mind is incapable of managing and caring for his own estate;" and that he "by reason of unsoundness of mind is so spending, wasting and lessening his estate as to expose himself to want and suffering and his family, his brothers and sisters, to charge and expense for his support and maintenance and the county and town to his support," and that his estate was worth about $4,000. On January 18, 1909, a summons was issued for said Charles C. Eakle in said cause, which was served upon him, on January 19, 1909. All this was before the note and mortgage here sought to be foreclosed were executed. At the time appellants took this note and mortgage they knew of the pendency of these proceedings. Thereafter a jury was impaneled, which returned a verdict "that Charles C. Eakle is a spendthrift and in consequence of such disability is incapable of managing and caring for his property and effects," and that a conservator should be appointed. Thereafter Henry C. Warner was appointed and qualified as such conservator. The answer and the cross bill attacked said note and mortgage because of the mental condition of Charles C. Eakle and because of the pendency of said proceedings in the county court when said note and mortgage were executed. In Chapter 86 of the Revised Statutes, entitled "An act to Revise the Law in relation to Idiots, Lunatics, Drunkards and Spendthrifts," section 14 provides that every note, bill, bond, or other contract by a spendthrift, etc., made after the finding of the

jury provided for in section 1 of that act shall be void
as against the spendthrift, etc., and his estate; and sec-
tion 15 provides that every contract made with a
drunkard or spendthrift, after the application for the
appointment of a conservator, may be avoided, except
in favor of the person fraudulently making the same.
The contract embodied in this note and mortgage was
made after the application for the appointment of the
conservator, and therefore may be avoided under said
section 15. Appellants contend that section 15 intends
that such contract may be avoided only if it was fraud-
ulently made, and that these contracts were not fraud-
ulently made. We are of opinion that this provision
should not be so restricted. Appellants contend that
this construction deprives the person charged with be-
ing a spendthrift of the use of his own property where-
with to defend himself against that charge. But the
opposite construction would enable the spendthrift to
waste all his estate in resisting the application for a
conservator. We are not called upon to decide here
whether the spendthrift and his estate are liable for
any part of these services as necessaries. If the con-
servator has the right to have this mortgage avoided,
that is the end of the present suit. It will be observed
that, while the statute above referred to does not re-
quire that the party entering into a contract with a
spendthrift after the application for the appointment
of a conservator has been made shall have notice of
such application in order to subject him to the avoid-
ance of the contract, yet in this case appellants did
have such notice. Appellants introduced proof tend-
ing to show that they gave Eakle legal advice some
months before the petition for a conservator was filed,
but they cannot recover here for those services for
their amended bill limits their charges to matters be-
ginning on January 1, 1909.

Appellants contend that before Eakle or his con-
servator can avoid his contract, he must tender back
what Eakle received thereunder. We think the prin-

ciple applicable is that stated in Reynolds v. McCurry, 100 Ill. 356, and Wuller v. Chuse Grocery Co., 241 Ill. 398, that a person under disability is not required to return that which he has lost or expended before he may disaffirm his contract. The legal services rendered here were of such a nature that they could not be returned. It is urged that he should have been required to refund the $12 advanced for the clerk's fees. It does not appear what became of that bill for partition and it may be that that expenditure will be returned to appellants in that proceeding. As to the sum of $1 loaned Eakle a day or two before the jury trial wherein he was adjudged a spendthrift, we think the maxim *de minimis non curat lex*, is a sufficient answer.

As the court below properly refused to foreclose the mortgage, the decree is affirmed.

*Affirmed.*