## Labahn Brick Co., Appellee, v. Albert S. Hecht, impleaded with Leafgreen Construction Company, Appellant.

### Gen. No. 16,121.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. JUDGMENTS—*when exceeding ad damnum cured.* The entry of a remittitur for the excessive amount cures such irregularity.

3. APPEALS AND ERRORS—*when maxim de minimis non curat lex applies.* Held, where the error merely amounted to an excess of $2 in the amount of the judgment rendered, the maxim *de minimis non curat lex* applied.

Appeal from the Municipal Court of Chicago; the HON. ANTHONY J. CLARITY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 1, 1912.

LOUIS T. ORR, for appellant; HARVEY L. CAVENDER, of counsel.

FELSENTHAL, FOREMAN & BECKWITH, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee brought suit against the Leafgreen Construction Co. and Albert S. Hecht in the Municipal Court of Chicago on a note for the sum of $2,000, bearing interest at the rate of six per cent per annum,

dated July 27, 1908, payable thirty days after date to
the Leafgreen Construction Co., and by it endorsed,
signed by Albert S. Hecht. The defendants were duly
served. The Leafgreen Construction Co. did not ap-
pear and default was entered against it. Mr. Hecht
appeared and contested the suit. The issues were sub-
mitted to a jury and the jury found for the plaintiff
and assessed his damages at the sum of $2,102; judg-
ment was entered on the verdict against both defend-
ants and Mr. Hecht appealed.

In the language of the appellant in his brief: "The
defense of Albert S. Hecht, as set up by two special
pleas, and by his affidavit of merits, and relied upon
at the trial was that the note was given by B. A. Leaf-
green as an accommodation note, to be by said Leaf-
green cashed by one Mr. Cressman, a banker, and the
cash received therefrom to be used by Mr. Leafgreen
to meet his pay roll; that if said Mr. Cressman would
not cash the note Mr. Leafgreen agreed to return it to
Albert S. Hecht, and not negotiate it; that the plaintiff
was fully advised that it was an accommodation note
and of the restrictions thereon before it received it."
On this issue the cause was vigorously contested. Evi-
dence was introduced tending to prove the defense. On
the other hand the appellant admitted that at the time
he gave the said note to the Leafgreen Construction
Co. he owed the said Company a considerable sum, on
account of construction work on certain buildings.
Evidence was also introduced tending to prove that the
note was not an accommodation note and that the ap-
pellee had no notice of the said claim of the appellant,
but was a *bona fide* holder of the note for value before
maturity. We see no reason for disturbing the judg-
ment on the ground urged, that the verdict was clearly
and manifestly against the weight of the evidence.

Objection is made to the forms of the verdict sub-
mitted to the jury. The appellee had a right to ask for
a verdict against both parties defendant. The Court

properly instructed the jury as to the forms of the verdict and in regard to a verdict in favor of appellant, stated as to the form as follows: "And in case you find for Albert S. Hecht, 'We, the jury, find the issues for the defendant, Albert S. Hecht.'" The appellant objected to the same, but offered no form of verdict for the Court to submit to the jury. We are unable to see any error in this respect.

It is urged that the *ad damnum* being for $2,100, it was error to enter judgment for $2,102. It is true that the entering of the judgment for a larger sum than the *ad damnum* was error, but the appellee having filed a *remittitur* in this Court of two dollars, it is ordered that the *remittitur* of the sum in excess of $2,100 be allowed. Winslow v. People, 117 Ill. 152. We also think that the maxim *de minimis non curat lex* applies to this error. Village of Morgan Park v. Knopf, 210 Ill. 453; Rolsch v. Young, 111 Ill. App. 34; Underwood v. Whiteside Co. Bldg. & Loan Association, 115 Ill. App. 387; Spunner v. Roney, 122 Ill. App. 19.

We are of the opinion that the other errors argued are untenable and need no mention. The judgment is affirmed.

*Affirmed.*