CHICAGO—FIRST DISTRICT—JANUARY, 1920.   375

The People v. Chicago Bonding & Surety Co., 216 Ill. App. 375.

The People of the State of Illinois for use of Clara M. Foster, Executrix, Appellant, v. Chicago Bonding & Surety Company, Appellee.

Gen. No. 25,349.

1. INSANE PERSONS, § 29*—*when debt of person appointed conservator of creditor's estate is regarded as paid and amount thereof as cash in conservator's hands.* Where a debtor is appointed conservator of his creditor's estate and has at the time of such appointment sufficient property to pay his debts, including the one to the estate, the law regards the debt to the estate as·paid and the amount thereof as cash in the hands of such· conservator, even though he may subsequently become insolvent.

2.. INSANE PERSONS, § 31*—*when finding and order of probate court ordering conservator to pay money to lunatic's executrix is binding on conservator's surety.* A finding and order of the probate court ordering a .conservator to pay a certain sum of money to the executrix of a deceased lunatic, which order is not attacked, is binding upon the surety of the conservator, it being the rule that a surety is bound and concluded by a judgment against his principal which cannot be collaterally attacked except for fraud and collusion.

Appeal from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding. Heard in this court at the October term, 1919. Reversed and judgment here for $5,600 debt and $2,193.65 damages. Opinion filed January 26, 1920. Rehearing denied February 9, 1920.

CHURCH & SHEPARD, for appellant; HOWARD V. LEWIS, of counsel.

SABATH STAFFORD & SABATH, for appellee; CHARLES B. STAFFORD, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendant was surety on the bond of Charles H. Graves, conservator of the estate of Laura E. Williams,

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.

an insane person, in the probate court of Cook county. The bond is in the penalty of $5,600. The lunatic died and Clara M. Foster was appointed executrix of her will and estate by the probate court of this county. Graves, the conservator, settled the estate of his ward after her death in the probate court, and the court found on the rendition of his final account that there was in his hands as such conservator the sum of $1,942.72, and ordered him to pay the same to the executrix, Foster, within 30 days; this he failed to do. Thereupon this suit was commenced to secure payment from defendant.

The order of the probate court directing payment of $1,942.72 remains in full force, unchallenged by any subsequent legal proceedings. The breaches of the conservator's bond in suit assigned in the declaration are that Graves filed in the probate court on December 20, 1916, his final account as conservator showing a balance in his hands of $1,942.72; that thereafter on May 21, 1917, the probate court ordered Graves as conservator to pay the sum found in his hands to the usee plaintiff within 30 days from the date of the entry of the order, which order is in full force, not reversed, annulled or satisfied; that demands have been made upon Graves for payment, but that he has not paid the same or any part thereof, but has wasted, converted and disposed of said moneys to his own use.

On a trial before the court without a jury there was a finding and judgment in favor of plaintiff for $42.50. Plaintiff being dissatisfied with the amount of the judgment prosecutes this appeal and asks for a reversal and for a judgment in this court for the whole amount ordered paid by the probate court with interest.

The defense interposed was that all the items except the $42.50 were a personal debt from Graves to his ward prior to his appointment as conservator of

The People v. Chicago Bonding & Surety Co., 216 Ill. App. 375.

her estate and prior to the execution of the bond in suit; that at no time after his appointment as conservator did Graves have in his possession any of such items; that defendant as surety was only liable for such sums as came into the possession of the conservator after the execution of the bond, and the defendant is not liable for the failure of Graves as an individual to pay to himself as conservator money which he owed his ward prior to his appointment and the giving of his bond. Graves as conservator failed to inventory the disputed items, and the probate court by a suitable order coerced Graves to include the items in his inventory as conservator.

Defendant contends that this the court had no right to do for two reasons: First, that the items were debts due to Graves' ward that were contracted prior to his appointment as conservator; and, second, that Graves was insolvent and financially unable to pay and that therefore the surety on the bonds is not liable, as the debt is personal and not official.

In the first place we will assume that the judge of the probate court found under the proofs before him that Graves was solvent and able financially to respond to his ward for his indebtedness to her. If such assumption was rebuttable, there is no rebutting evidence in this record. The record is silent as to the proofs which were before the probate judge at the time the order on Graves to include the disputed items in an amended inventory was made.

It is the law in this State that where a debtor is appointed conservator of his creditor's estate and has at the time of such appointment sufficient property to pay his debts, including the one to the estate, the law regards the debt to the estate as paid and the amount thereof as cash in the hands of such conservator, notwithstanding he may subsequently become insolvent. This is the rule which the probate judge applied to Graves' debt to his ward.

In *Wachsmuth v. Penn Mut. Life Ins. Co.*, 241 Ill. 409, it was said:

"Appellees contend that when a debtor is appointed administrator of his creditor's estate the debt is considered paid and the administrator is chargeable with the amount thereof in the settlement of his accounts, regardless of the financial condition of the administrator. This contention is supported to the full extent claimed by appellees by the Supreme Court of Massachusetts in *Leland v. Felton*, 1 Allen 531; by the Supreme Court of Ohio in *McGaughey v. Jacoby*, 54 Ohio St. 487; by the Supreme Court of New Hampshire in *Judge of Probate v. Sulloway*, 68 N. H. 511, and by the Supreme Court of Alabama in the case of *Wright v. Lang*, 66 Ala. 389. It will thus be seen that the rule contended for is not without support. The reason upon which these decisions rest is that the administrator cannot sue himself, and that therefore when he is appointed his debt to the estate is by a fiction of law regarded as collected and paid to himself, as administrator. The rule laid down in the foregoing cases, which is known as the Massachusetts rule, has been modified by later cases in other States so as to permit the administrator to show that he was insolvent at the time of his appointment and so remained during the term of his office, and thus relieve himself from the consequences of failing to pay over money which he never, in fact, had and was wholly unable to obtain. The rule in its modified form is applied in the following cases: *In re Walker*, 125 Cal. 242; *Baucus v. Stover*, 89 N. Y. 1; *Baucus v. Barr*, 107 N. Y. 624, affirming 45 Hun 582; *McCarty v. Frazer*, 62 Mo. 263; *Parker v. Irick*, 10 N. J. Eq. 269; *Rader v. Yeargin*, 85 Tenn. 486; *State ex rel. McClamrock v. Gregory*, 119 Ind. 503.

"In the case last above cited the Supreme Court of Indiana uses the following language: 'One question which seems to have been overlooked on the trial of the cause was the financial condition of Levin T. Miller, the administrator, during the period of his administration. The money collected by him while pro-

fessing to act as the agent of the administrator in Missouri, and for which he had not accounted when he became administrator, was a claim in favor of his trust, which he should have inventoried and charged himself with, and if by the use of due diligence all or any part of the claim could have been saved to the estate his sureties are therewith chargeable, but if he was hopelessly insolvent they do not become liable therefor, the burden as to the question of insolvency being on the administrator and his sureties.' Further on in the opinion the court says: 'The debt of the administrator is to be accounted for as other debts or assets, and he may show his insolvency during the period of administration in discharge of his official liability.'

"So far as we are advised this question has never been passed on by this court."

The court in case, *supra*, settled the rule regarding this situation in this jurisdiction in the following language:

"Where, however, the administrator is solvent, no such hardship can be imposed upon either the sureties or the administrator. . The rule thus applied will accomplish the desired end in most cases and avoid the harsh consequences that would occasionally result from the application of the unrestricted Massachusetts rule."

In whatever light the rules announced, *supra*, may be viewed in this State as applied to this case, there is another insuperable obstacle to the success of the defense interposed.

It appears without contradiction that the order of December 20, 1916, finding $1,942.72 in the hands of Graves as conservator and the order made May 21, 1917, ordering Graves as conservator to pay that sum to the usee plaintiff within 30 days, remain of record and undisturbed, in full force and effect. Nor is it denied that demand has been made upon Graves in due form for the money, that no part of the same has been paid and that more than 30 days elapsed between

380 APPELLATE COURTS OF ILLINOIS.

The People v. Chicago Bonding & Surety Co., 216 Ill. App. 375.

the entry of the order and demand and the commencement of this suit.

The finding and order of the probate court being binding upon Graves, the principal, it is likewise binding upon his surety; for as held in *Nevitt v. Woodburn*, 160 Ill. 203, the surety is bound and concluded by the judgment against his principal, which cannot be collaterally attacked except for fraud or collusion.

In *McDonald v. People*, 222 Ill. 325, it was held that a judgment of the probate court approving the accounts of an administrator and ordering the amount in his hands distributed is a final determination of the amount due from him, and it cannot be reviewed in a suit upon the administrator's bond unless the finding is impeached for fraud.

In *Frank v. People*, 147 Ill. 105, it was held that the order or judgment of the county court or circuit court on appeal finding the amount in the hands of an administrator, while unreversed and in force, is conclusive not only of the amount in his hands, but that the same was at that time liable to distribution; and upon his failure to pay over the same to the persons entitled thereto, within 30 days after demand made, a right of action will accrue upon his bond; and that an order of the court finding the amount in the administrator's hands belonging to the estate and ordering its distribution is as conclusive against the surety on his bond as upon the administrator himself, and can be impeached only for fraud. If the order is unwarranted by the evidence, the surety may appeal from the same, but it cannot be attacked collaterally in an action on the administrator's bond. The same rule applies to all bonds of like character, including a conservator's bond, as in the instant case. *People v. Pacific Surety Co.*, 155 Ill. App. 586.

In *Rahe v. Jobusch*, 197 Ill. App. 200, it was held that an adjudication by the county court made upon the final report by an executor that the executor had a

certain sum in his hands for distribution, and directing him how to make distribution, is conclusive upon the executor and upon his sureties under Rev. St. ch. 3, sec. 115 (J. & A. ¶ 165), and that a judgment approving the final report of an executor and ordering payment from the funds in his hands cannot be collaterally attacked except for fraud.

The *bona fides* of the proceedings leading to the orders of the Probate Court heretofore recited is not attacked as being fraudulent or in any way improperly procured.

*McDonald v. People, supra,* is authority that interest may be charged against a surety upon a bond of the character of the one in suit. The court said:

"This court has frequently held that interest for which a public officer or one appointed by the probate court is liable is a proper charge against his bondsmen. (*Stern v. People,* 102 Ill. 540; *Cassady v. Trustees of Schools,* 105 Ill. 560; *Hughes v. People,* 111 Ill. 457; *Winslow v. People,* 117 Ill. 152.)"

For the foregoing reasons the judgment of the circuit court is reversed and judgment entered in this court in favor of plaintiff and against defendant for $5,600 debt and $2,193.65 damages, debt to be discharged on payment of damages. The damages are ascertained by including the amount of $1,942,72 ordered paid by the probate court with interest at 5 per cent per annum from June 21, 1917, to the date of the filing of this opinion.

*Reversed and judgment here for $5,600 debt and $2,193.65 damages.*