# Frank O. Chapman, Appellant, v. Charles D. Cary, Appellee.

## Gen. No. 7,531.

1. Landlord and tenant—*tenant liable for rent on failure to give notice.* Where tenant fails to give the 60 days' notice in writing required by Cahill's St. ch. 80, ¶ 6, and vacates the premises, he is liable for rent during the statutory period up to the time the landlord rents the premises to another tenant.

2. Landlord and tenant—*tenancy exists until termination by agreement or law.* Where relation of landlord and tenant exists, there must be an agreement to terminate the tenancy or it continues to exist until terminated, as provided by Cahill's St. ch. 80, ¶ 6.

3. Landlord and tenant—*agreement to terminate may be implied.* An agreement to terminate tenancy and release tenant need not be express but may be implied from the conduct and language of the parties.

4. Landlord and tenant—*termination by agreement for jury.* Whether a tenancy is terminated by agreement is a question of fact for a jury.

5. Appeal and error—*verdict not disturbed unless against evidence.* An Appellate Court will not set aside a verdict of a jury unless it is manifestly against the weight of the evidence.

6. Landlord and tenant—*finding of agreement to terminate tenancy sustained.* Finding of mutual agreement between parties for termination of tenancy when tenant's house under construction should be completed, held not against the weight of the evidence.

7. Landlord and tenant—*rent between vacation and finding of key.* Where tenant moved and left key at bank where landlord transacted his business, held that landlord was not entitled to rent from the day of removal to the day he obtained the key, though he was without knowledge as to the whereabouts of the key.

8. Appeal and error—*no reversal for small error in recovery.* A judgment for rent will not be reversed because of error in not giving plaintiff rent for several more days under the doctrine of *de minimis non curat lex.*

Appeal by plaintiff from the County Court of Kankakee county; the Hon. Henry F. Ruel, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed November 25, 1925.

JOHN H. BECKERS, for appellant.

GRANGER, NOURIE & GRANGER, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Frank O. Chapman, began suit before a justice of the peace in Kankakee county against appellee, Charles D. Cary, to recover certain rent alleged to be due. Judgment was rendered against appellee for $67.62, and appellant appealed to the county court, where there was a trial by jury, judgment in favor of appellant for $50, and an appeal to this court was prosecuted.

For several years prior to December, 1920, appellee had occupied a flat in Kankakee belonging to appellant under an oral lease, at a rental of $30 per month. In December, 1920, a written lease was entered into at a rental of $45 per month from December 6, 1920, to September 6, 1921. At the expiration of this written lease, appellee continued to occupy the premises and paid rent regularly. In the spring of 1922, appellee notified appellant that he had bought a lot, intended to build a house and would move into it when it was completed. Appellant immediately gave appellee 60 days' notice that his rent would be raised to $50 per month commencing May 1, which increase was paid by appellee until September 6, 1922. On October 6, 1922, appellee did not pay his rent but continued in possession until November 7, 1922, when he moved into his new house. On that date appellee left the key for appellant at the City National Bank, being the bank where appellant did business, together with a check for $50 for rent to November 6, 1922. Appellant claims he did not learn until November 13 where the key was, and on the next day went to the bank, got the key, refused to accept the check, and thereupon wrote appellee of such refusal, claiming that rent was due for two months instead of for one

month.    After getting the key appellant cleaned and
repaired the premises, and on December 1, 1922, rented
them to another tenant.    Appellee refused to pay the
additional month's rent and this suit is for the $50
rent from October 6 to November 6, together with rent
from that date until the new tenant was secured,
amounting, as appellant, claims, to $41.66.

The contention of appellant is that appellee, who
was a tenant from month to month, moved out of the
flat without giving notice of such intention to appel-
lant as provided by statute, and he thereby became
liable to pay rent for the time the flat remained va-
cant not to exceed the statutory period required for
the giving of notice to terminate the tenancy.

Section 6, ch. 80, of the statute [Cahill's St. ch.
80, ¶ 6] provides that in all cases of tenancy by the
month, where the tenant holds over without special
arrangements, the landlord shall have the right to
terminate the tenancy by 60 days' notice in writing.
In *Peoria Hotel Co. v. Oliver,* 211 Ill. App. 650, this
court held that under this section of the statute the
rights of the landlord and tenant to notice were equal
and that the landlord was also entitled to 60 days'
notice from the tenant of an intention to vacate.    To
the same effect is *Waller v. Richter,* 205 Ill. App. 440.
Where the tenant fails to give the notice, and vacates
the premises, he is liable for rent during the statu-
tory period up to the time the landlord rents the
premises to another tenant.    *Donohue v. Chicago Bank
Note Co.,* 37 Ill. App. 552; *Harmon v. Callahan,* 214
Ill. App. 104.    In case the tenant vacates without no-
tice, the landlord may take possession, make repairs
and rent the premises, crediting the tenant with the
rents received, and these acts do not relieve the ten-
ant of payment of rent for the time the premises are
vacant.    *Humiston, Keeling & Co. v. Wheeler,* 175 Ill.
514.    Where the relation of landlord and tenant exists
there must be an agreement to terminate the tenancy
or it continues to exist until terminated as provided

by law. *Gaines v. McAdam,* 79 Ill. App. 201. An agreement to terminate the tenancy and release the tenant need not be express but it may be implied from the conduct and language of the parties. *Fry v. Patridge,* 73 Ill. 51; *Bloomquist v. Johnson,* 107 Ill. App. 154. Whether a tenancy is terminated by agreement is a question of fact for a jury. *Dills v. Stobie,* 81 Ill. 202; *Alschuler v. Schiff,* 164 Ill. 298. An Appellate Court will not set aside the verdict of a jury unless it is manifestly against the weight of the evidence.

The evidence shows that appellant and appellee, during the term of this tenancy, lived in the same yard, saw each other frequently and talked on several occasions about when the new house would be done. Appellant testified appellee told him it would be done about July 1. This was denied by appellee who testified that he told appellant he was going to build but did not say when the house would be ready but he told appellant he was going to move just as soon as his house was completed. Appellant apparently accepted appellee's notice of his intention to vacate and acquiesced therein, prospective tenants were sent to look at the premises, and appellant complains that appellee and his wife refused to permit these prospective tenants to look at the flat, which last fact was denied by appellee. It is also apparent from the evidence of appellant that tenants did call to see the flat, that this was done in order to secure a tenant after appellee moved, and was the direct result of appellee's notice to appellant of his intention to move. Appellee insists that his notice to appellant of his intention to move was the reason for the increase of rent to $50, that after he gave this notice, appellant not only raised the rent, but he forcibly entered the basement of appellee's apartment and removed from the furnace certain dampers which prevented appellee from heating his apartment up to the time he moved. Under the evidence the finding of the jury that there

was a mutual agreement between the parties for a termination of the tenancy when appellee's house was completed, which agreement was substituted by the parties for the 60-day notice provided by statute, is not against the weight of the evidence and the judgment cannot be reversed on that ground.

Appellant insists that even though there was an agreement to terminate the tenancy, that he was entitled to rent from the day appellee moved to the day appellant received the key. The evidence shows that for several weeks, or possibly months, before appellee moved, there were hard feelings between the parties and they were not on speaking terms. On the morning appellee moved, appellant was at home in the same yard and saw that appellee was moving. He did not speak to appellee, but appellant and his wife drove away in their automobile and were gone all day. When they returned in the evening they found the flat was vacant, but appellant testified he did not know where the key was until November 13. If both parties had seen fit to put aside their ill-feeling when they met on the morning appellee moved and had engaged in a little conversation, they would probably have come to some understanding with reference to the delivery of the key and a lawsuit might have been avoided. The jury did not see fit to allow appellant rent up to the time the key came into his possession and we do not think the judgment should be reversed on that account.

It is contended by appellant that appellee's rent was paid to October 6, and, as he did not move until November 7, that appellant was entitled to two days' rent over one month, and that he was also entitled to pay for certain electric light bulbs which were in the flat nine years before when appellee first became a tenant. The jury had ample evidence for finding against appellant on the claim for the electric light bulbs. It is possible that appellant was entitled to one or two days' additional rent. This amount was

small, and under the doctrine of *de minimis non curat lex,* this court would not be justified in reversing the judgment, as the amount disallowed is too small to merit a second trial. *McNutt v. Dickson,* 42 Ill. 498; *Freese v. Glos,* 248 Ill. 280; *Roesch v. Young,* 111 Ill. App. 34; *Hueni v. Freehill,* 125 Ill. App. 345; *Sheldon v. Eakle,* 160 Ill. App. 282; *McKinty v. Butts,* 217 Ill. App. 234.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*